[No. 262-1.  Division One—Panel 2.  March 8, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LILA VICTORIA WILLIAMS, *Appellant*.

*Jack E. Tanner*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *John R. Cuningham, Deputy*, for respondent.

JAMES, J.—Lila Williams was convicted of murder in the second degree. The information charged that the homicide was committed "willfully, unlawfully and feloniously with a design to effect the death of [the victim]" and "while engaged in the commission of a felony, to-wit: ASSAULT IN THE SECOND DEGREE, . . ." upon the victim.

At trial Miss Williams admitted the homicide. Her defense was that the homicide was justifiable as an act of self-defense. She testified that she was a prostitute; that she and another prostitute had solicited the victim to par-

ticipate in a "party;" that a disagreement as to their destination developed when the three were riding in a taxicab; that the cab driver refused to drive them further; and that after leaving the cab she shot the victim as he was apparently about to physically assault her. Miss Williams' assignments of error are that eight of the instructions given the jury were improper and that the trial judge erred in refusing to give three instructions which she requested.

■ As to the instructions given, Miss Williams has failed to comply with CAROA 43. The pertinent portion of the rule is:

> No error assigned to the inclusion, omission, sufficiency, or insufficiency of an instruction or instructions, given or not given, will be considered unless such instruction or instructions, as the case may be, shall be *set out* in the brief in full: . . .

(Italics ours.) A failure to comply with the rule will ordinarily preclude appellate review of errors assigned to trial judges' rulings on instructions. *Seattle v. Ross,* 77 Wn.2d 797, 467 P.2d 177 (1970); *State v. Gregory,* 73 Wn.2d 537, 439 P.2d 400 (1968); *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966).

In her brief Miss Williams does "set out" the three instructions which were requested and refused. Two concern self-defense. The third concerns circumstantial evidence. She argues that the self-defense instructions "properly present" her "theory of her case" and "should have been given to the jury." At trial Miss Williams merely "excepted to" the failure to give the three instructions.

■ The purpose of procedures which afford a litigant the opportunity to "except" to the trial judge's rulings on instructions is to give the judge an opportunity to avoid error. An exception which is neither specific nor informative performs no useful function.

We have consistently held that a review cannot be predicated upon error in giving an instruction or refusing a requested instruction if the exception was too general to be effective in calling the court's attention to any error.

*Franks v. Department of Labor & Industries,* 35 Wn. (2d) 763, 768, 215 P. (2d) 416, and cases there cited.

*State v. Wilson,* 38 Wn.2d 593, 620, 231 P.2d 288 (1951).

We will not further consider the refused instructions.

Despite her failure to comply with CAROA 43, Miss Williams urges us to consider her attack upon the instructions which the trial judge gave because they violate a constitutional right. Instructions which do violate a constitutional right will be reviewed even though error was not properly claimed or preserved. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. East,* 3 Wn. App. 128, 474 P.2d 582 (1970).

It is Miss Williams' argument that RCW 9.48.040,[1] under which she was charged, must be construed so as to exclude the crime of assault in the second degree from the category of crimes designated in paragraph (2) of the statute by the phrase "a felony other than those enumerated in RCW 9.48.030" (the first-degree murder statute). This theory was not expounded to the trial judge in support of Miss Williams' exceptions to the proposed instructions. At that time, without citation or authority, she simply asserted that the information charged two distinct crimes; murder in the second degree and second-degree assault, and that there was no evidence to support the assault charge.

■ In her appellate brief Miss Williams supports her theory by reference to the so-called New York "merger rule." Simply stated, the rule is that in a homicide statute such as RCW 9.48.040, an assault upon the person killed cannot qualify as the precedent independent felony because in such case the assault is necessarily an unextractable part

---

[1] "The killing of a human being, unless it is excusable or justifiable, is murder in the second degree when—

"(1) Committed with a design to effect the death of the person killed or of another, but without premeditation; or

"(2) When perpetrated by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a felony other than those enumerated in RCW 9.48.030.

"Murder in the second degree shall be punished by imprisonment in the state penitentiary for not less than ten years."

of a single transaction. In other words, the assault is merged in the homicide and cannot retain its identity as a separate crime.

Miss Williams' argument is not original. The same argument was advanced, considered, and rejected in *State v. Harris*, 69 Wn.2d 928, 421 P.2d 662 (1966).

Assuming that Miss Williams has raised a constitutional question, the facts of this case do not suggest a compelling need to reexamine the reasons why the merger rule was found to be inappropriate under Washington homicide statutes.

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.