No. 52,507

STATE OF KANSAS, *Plaintiff-Appellee,* v. FLOYD CALVIN PUCKETT, *Defendant-Appellant.*

(640 P.2d 1198)

Opinion filed February 27, 1982.

*Marjorie Wholey Haines,* of Garrity, Fletcher, Haines, P.A., of Wichita, argued the cause and was on the briefs for the appellant.

*Jack Peggs,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, *Cris Senseman,* assistant district attorney, and *R. Michael Jennings,* assistant district attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant, Floyd Calvin Puckett, was convicted of twenty-one counts alleging violations of the Kansas Securities Acts (K.S.A. 1979 Supp. 17-1252 *et seq.*). The securities involved fractional interests in oil and gas leases. The defendant appealed to the Court of Appeals which affirmed in part and reversed in part in a published opinion, *State v. Puckett,* 6 Kan. App. 2d 688, 634 P.2d 144 (1981). The Supreme Court granted review on the petition of the State.

The facts, issues, and resolution of the issues are set forth in the comprehensive opinion of the Court of Appeals written by Judge Meyer. It would serve no useful purpose to repeat what was stated in that opinion. Suffice it to say, the Court of Appeals reversed on seven counts charging unlawful acts in connection

with the sale of securities under K.S.A. 1979 Supp. 17-1253 and K.S.A. 1979 Supp. 17-1267. These counts were referred to in Judge Meyer's opinion as the "fraud counts." The convictions on the other fourteen counts were affirmed. The basis for reversal on the seven fraud counts was twofold: (1) That the trial court abused its discretion in limiting defense counsel in his cross-examination of the State's expert witnesses; and (2) that the elements instruction on each of the fraud charges was defective because it failed to include as an element of the crime that the alleged misrepresentation made by the defendant was of a *material* fact. Any claimed error in the instructions in this regard was not raised by the defendant either in the trial court or asserted as error in the defendant's brief on appeal. The Court of Appeals did consider other claimed errors in certain instructions which were raised by defendant in his brief and rejected by the Court of Appeals.

Following the handing down of the opinion by the Court of Appeals, the State filed its petition for review raising a single issue which, in substance, was as follows: That the Court of Appeals exceeded its power in reversing and remanding the case for a new trial for trial errors that were not raised by the defendant in the court below, nor presented in his brief on appeal, nor raised in oral argument before the appellate court. In its petition for review, the State does not complain that the Court of Appeals erred in reversing the fraud counts because of undue restriction of defense counsel's right of cross-examination nor does the State question the correctness of the decision of the Court of Appeals that the elements instructions on the fraud counts were defective because they failed to require that there had to be a misrepresentation of a *material* fact. Simply stated, the only question for consideration on review is whether an appellate court in this State has the power, *sua sponte,* to consider trial errors in a criminal case not raised in the district court nor specifically raised by the defendant on the appeal.

It is undisputed that the error in the instructions found by the Court of Appeals was not objected to at the trial nor was it raised on appeal by the defendant. In its opinion, the Court of Appeals held that whenever an appellate court discovers an error in the jury instructions, which error is so extreme as to present a high likelihood that defendant's constitutional rights to a fair trial are

involved, it has both the right and the duty to remand the case for new trial. Further, the court stated that is so, even if the matter was not objected to by defendant in the court below, nor presented in his brief on appeal, nor raised in oral argument before the appellate court. The ruling of the Court of Appeals on this issue and its comprehensive recitation of authority and rationale are set forth in the majority opinion of the Court of Appeals. Judge Rees, in his concurring opinion, concurred in the result and the decision of the court on all issues, except he questioned whether the Court of Appeals could reverse a trial court judgment, even in a criminal case, where it finds a "clear error" that has not been raised by the appellant, either at the trial level or on appeal.

The issue presented has been addressed on several occasions by this court. We note for example *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P.2d 858 (1967), where Justice Fontron stated the general rule and then recognized certain exceptions thereto. Syllabus ¶ 3 states:

"As a general rule, a reviewing court will consider only those issues on which the parties have relied in trying their case, but exceptions exist where the newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case, or where consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights."

In *Pierce,* the plaintiffs maintained on the appeal that, under the factual circumstances in the case, they had been deprived of their property without due process of law in violation of the Fourteenth Amendment to the federal Constitution and §2 of the Bill of Rights of the Kansas Constitution. Plaintiffs' counsel candidly admitted that the constitutional question had not been raised in the court below and conceded that a reviewing court will ordinarily consider only those issues upon which the parties have tried their case. The opinion recognized three exceptions to the general rule:

(1) Cases where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case;

(2) Questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and

(3) That a judgment of a trial court may be upheld on appeal

even though that court may have relied on the wrong ground or assigned a wrong reason for its decision.

The Court of Appeals relied in part on *Pierce* and based its power to reverse on unclaimed errors in the instructions on the grounds that the error in the instructions was so extreme as to present a high likelihood that defendant's constitutional rights to a fair trial were denied. The rule of *Pierce* has been recognized in several later cases. *Shinkle v. State Highway Commission,* 202 Kan. 311, 318, 448 P.2d 12 (1968); *Fields v. Stauffer Publications, Inc.,* 2 Kan. App. 2d 323, 325, 578 P.2d 1138, *rev. denied* 225 Kan. 843 (1978); and *Holmquist v. D-V, Inc.,* 1 Kan. App. 2d 291, 298-300, 563 P.2d 1112 (1977). There is, therefore, Kansas precedent for the proposition that an appellate court in Kansas may, under unusual circumstances, consider issues which were not raised in the trial court.

There is also prior case law in Kansas recognizing the power of an appellate court to raise *sua sponte* and determine issues which were not raised either in the trial court or by any of the parties on the appeal. We note for example *State v. Stewart,* 24 Kan. *250 (1880). In the opinion, Justice Brewer stated:

"If counsel desire that any particular matter be considered, they must call our attention directly to it. We do not search for errors, but examine only the errors alleged. True, if any glaring error to the prejudice of the rights of an accused appeared, we might be constrained to notice it. None such appear upon this record." pp. °250-51.

In the syllabus, the court stated the rule to be as follows:

"*Ordinarily,* this court will consider only such questions as are specifically pointed out and discussed by counsel, and will not search through a record for the sake of finding error." Syl. ¶ 1. (Emphasis supplied.)

The implication is clear that, in an unusual case, an appellate court has the right and the power to search for error and take appropriate action where justice requires it.

The case of *State v. Minor,* 197 Kan. 296, 416 P.2d 724 (1966), involved an appeal in a criminal action from a conviction of manslaughter in the first degree. On appeal, the defendant raised a number of trial errors but did not challenge the sufficiency of the information to charge the offense of manslaughter in the first degree. In spite of that fact, the Supreme Court *sua sponte* raised the new issue on its own motion and set aside the judgment of conviction. In the opinion, Justice Schroeder held the informa-

tion to be defective not only on jurisdictional grounds but also on the constitutional basis that a conviction on such a defective information constituted a denial of due process of law under the Fourteenth Amendment to the United States Constitution. The case is particularly pertinent because the basis of the reversal was the fact that the information failed to allege an *essential element* of the crime charged.

We also note two civil cases where the validity of a statute or ordinance was determined in the district court. After the appeal was taken, the legislature amended the statute which was involved in the case. In each instance, the effect of the later statute was considered by the Supreme Court and final disposition of the case on appeal was based on the later statute in effect at the time of appeal. These cases are *Manzanares v. Bell,* 214 Kan. 589, 522 P.2d 1291 (1974), and *Ash v. Gibson,* 146 Kan. 756, 74 P.2d 136 (1937). In each case the later statute was never considered by the district court, yet the Supreme Court applied the later legislation in determining the case. The rationale for such action was that it would serve no useful purpose to determine the case under the old statute and then require the parties to file a new case or to take a second appeal where the later legislation could be reconsidered. The interests of justice required that the later statute be considered in determining each case.

We also think it important to note *Kennedy v. City of Sawyer,* 4 Kan. App. 2d 545, 608 P.2d 1379 (1980), decided by the Court of Appeals. That decision was reversed on petition for review in *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788 (1980). The case was tried in the district court as a case involving the doctrine of contributory negligence with no reference whatsoever to the doctrine of comparative negligence. On appeal, the Court of Appeals concluded that the interests of justice required the determination of a number of questions in the case involving comparative negligence, although most of the issues had never been raised by the parties either in the trial court or in the parties' briefs. On review in the Supreme Court, the parties were afforded an opportunity to present their positions on the various new issues and those issues were determined.

The conclusion which we have reached from these cases is that, although *ordinarily* an appellate court will not consider an issue which has not been raised in the trial court or which has not been

raised by the parties on appeal, the court does have the power to do so in exceptional circumstances, where consideration of the new issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights. We have thus concluded that syllabus ¶ 13 and the corresponding portion of the Court of Appeals opinion is a correct statement of the law of this State.

In recognizing this rule, we wish to add a few words of caution. In future cases, where an appellate court raises a new issue *sua sponte,* counsel for all parties should be afforded a fair opportunity to brief the new issue and to present their positions to the appellate court before the issue is finally determined. This may be done either by requiring the filing of supplemental briefs or by setting the case down for reargument by the appellate court. Such a procedure would have been appropriate in the present case so that the correctness of the instructions covering the elements on the fraud counts could have been briefed and argued by counsel. We note, however, that in the instant case counsel for the State does not claim that the Court of Appeals was wrong in suggesting that the instructions be modified on retrial of the case. This court has no quarrel with the holding of the Court of Appeals that instructions covering a criminal charge of fraud should advise the jury that a false representation must be of a *material* fact in order to convict.

For the reasons set forth above, the judgment of conviction of the district court is reversed and the case is remanded for a new trial in accordance with the directions of the Court of Appeals. The judgment of the Court of Appeals is affirmed.

McFARLAND, J., dissenting.