No. 63,752

STATE OF KANSAS, *Appellee*, v. EDWARD E. NEER, *Appellant*.

(795 P.2d 362)

Opinion filed July 13, 1990.

*Jessica R. Kunen*, chief appellate defender, argued the cause and was on the briefs for appellant.

*Thomas J. Robinson*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Edward E. Neer appeals the district court's refusal to modify his sentence. In addition, Neer argues that there was insufficient evidence to sustain his conviction for aggravated criminal sodomy in case 86 CR 983 based on our holding in *State v. Moppin*, 245 Kan. 639, Syl. ¶ 1, 783 P.2d 878 (1989), that oral-genital stimulation between the tongue of a male and the genital area of a female is not "sodomy" under K.S.A. 21-3501(2).

Neer was charged with one count of aggravated criminal sodomy (K.S.A. 21-3506) in case 86 CR 983 on June 20, 1986, and one count of aggravated criminal sodomy and one count of indecent liberties with a child (K.S.A. 21-3503) in case 86 CR 1462 on September 17, 1986. At the State's request the cases were consolidated for trial, and the defendant was convicted by a jury. The trial judge sentenced the defendant on January 6, 1987, to 15 years to life for each count of aggravated criminal sodomy and to 5 to 20 years for indecent liberties, with sentences in case 86 CR 1462 to run concurrent with each other but consecutive to the sentence in case 86 CR 983.

Neer appealed, claiming the district court abused its discretion by imposing the maximum sentences. We found the defendant's sentences were within the statutory guidelines and affirmed the trial court in an unpublished opinion, No. 60,418, filed October 30, 1987. Our mandate was filed on December 22, 1987.

The defendant then filed a motion to modify his sentence on February 22, 1988. On January 19, 1989, based upon the presentence investigation (PSI) and Kansas Reception and Diagnostic Center (KRDC) reports, the trial court found that the defendant, while only 24 years old, had the potential to be a "dangerous animal" if released and denied Neer's motion to modify his sentence. On April 27, 1989, the defendant appealed the trial court's denial of his motion to modify the sentences and for the first time raised the issue that oral-genital stimulation between the tongue of a male and the genital area of a female is not included in the definition of "sodomy" in K.S.A. 21-3501(2). He now alleges his conviction in case 86 CR 983 for aggravated criminal sodomy in violation of K.S.A. 21-3506 should be reversed because of insufficient evidence.

Neer first argues that the sentencing judge abused his discretion by denying the motion to modify his sentence. Specifically, he claims the court did not consider his lack of a prior felony record, the fact that this was his first conviction for a sexual offense, his progress in prison by attaining his GED, and his need of treatment for substance abuse.

A sentence imposed by the district court which is within the lawful limits will be overturned on appellate review only where there is abuse of discretion or the sentence was the result of partiality, prejudice, or corrupt motive. *State v. Adams*, 242 Kan. 20, 27, 744 P.2d 833 (1987); *State v. Jennings*, 240 Kan. 377, 380, 729 P.2d 454 (1986).

In the PSI report the court services officer recommended: "This officer does feel that the defendant does not show any remorse for the crimes that he has committed. This officer would recommend that maximum time be given."

The KRDC report included Neer's statement that his sentence is "fair" since the defendant acknowledged, "I've done a lot of burglaries and breaking and entering, and not been caught for those, I'm paying the price of those now." In addition the KRDC report stated Neer has little regard for the rights of others or society, his interpersonal relationships are dominated by exploitation and by demanding attention, he has little empathy or concern for others, he voices no remorse for the victims of these crimes, and he minimized his serious alcohol and substance abuse. The KRDC report stated "[the defendant] is seen as an aggressive and potentially very dangerous man who should clearly remain within the correctional system to serve an appropriate sentence." Neither the PSI nor the KRDC reports are favorable.

The sentencing court considered the PSI and the KRDC reports and stated its reasons for refusing to modify the sentence. The court adequately reviewed the reports and did not abuse its discretion in denying Neer's motion to modify his sentence.

Neer next argues that his conviction for aggravated criminal sodomy in case 86 CR 983 should be reversed because of insufficient evidence. K.S.A. 21-3506(b) provides that aggravated criminal sodomy is "causing a child under 16 years of age to engage in sodomy with any person or an animal." Sodomy is defined at K.S.A. 21-3501(2): " 'Sodomy' means oral or anal copulation; oral

or anal copulation or sexual intercourse between a person and an animal; or any penetration of the anal opening by any body part or object. Any penetration, however slight, is sufficient to constitute sodomy."

In *State v. Moppin*, 245 Kan. 639, 783 P.2d 878 (1989), a father was convicted of aggravated criminal sodomy for performing cunnilingus on his daughter. At trial, three staff members from the Kansas Institute, the psychotherapist, and the foster mother testified that the child had repeatedly told them that her father had licked her between her legs. *Moppin*, 245 Kan. at 641. On appeal we held "that cunnilingus is not an act of 'sodomy' as the term is defined by statute, that defendant was improperly charged, and that there was insufficient evidence to establish oral copulation." *Moppin*, 245 Kan. at 644. Moppin's conviction for aggravated criminal sodomy was reversed. Neer argues since he was similarly charged and convicted, our decision in *Moppin* should be applied retroactively and his conviction for aggravated criminal sodomy should be set aside. In case 86 CR 983, Neer's conviction was based on the victim's testimony that he had performed cunnilingus on her on two occasions when she was twelve years old.

In Kansas, "piecemeal appeals are frowned upon." *State v. Newman*, 235 Kan. 29, 31, 680 P.2d 257 (1984). The State argues Neer's sufficiency of evidence issue is not properly before this court since he had failed to raise this issue at trial and in his original appeal. A point not raised before, or presented to, the trial court cannot be raised for the first time on appeal. See *State v. Heck*, 8 Kan. App. 2d 496, 502, 661 P.2d 798 (1983).

For Neer to appeal his original conviction for aggravated criminal sodomy, he must do so within 120 days of the imposition of sentence plus the 10 additional days granted under K.S.A. 22-3608(1); thus, Neer had 130 days from the day he was sentenced to appeal the conviction. *State v. Tripp*, 237 Kan. 244, 246, 699 P.2d 33 (1985). Neer was sentenced January 6, 1987, and he filed his notice of appeal in this case on April 27, 1989. More than 130 days had expired between the sentencing and Neer's appeal.

Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues

that could have been presented, but were not presented, are deemed waived. Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding.

Although Neer concedes that he failed to raise this issue at trial or in his original appeal, he claims that fundamental fairness requires this failure be overlooked, citing *Teague v. Lane,* 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989). We disagree with Neer's analysis and his conclusion that *Lane* is applicable.

In *Lane,* the petitioner, a black man, was convicted in an Illinois state court of attempted murder and other offenses by an all-white jury. During jury selection, the prosecutor used all 10 of his peremptory challenges to exclude blacks. Petitioner twice unsuccessfully moved for a mistrial, arguing that he was "entitled to a jury of his peers." 103 L. Ed. 2d at 344. The prosecutor defended the challenges by stating that he was trying to achieve a balance of men and women on the jury. After an unsuccessful state court appeal in which he argued that the prosecutor's use of peremptory challenges denied him the right to be tried by a jury that was representative of the community, petitioner filed a habeas corpus petition in federal district court, repeating his "fair cross-section" claim. He further argued that the opinions of several Justices concurring in and dissenting from the denial of *certiorari* in *McCray v. New York,* 461 U.S. 961, 77 L. Ed. 2d 1322, 103 S. Ct. 2438 (1983), had invited a reexamination of *Swain v. Alabama,* 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824 (1965), as to what a defendant must show to establish a prima facie case of discrimination with respect to a peremptory challenge system. He also argued, for the first time, that under *Swain* a prosecutor could be questioned about his use of peremptory challenges once he volunteered an explanation. The district court held that it was bound by *Swain* and circuit court precedent and denied relief. A panel of the 7th Circuit Court of Appeals agreed with petitioner that the Sixth Amendment's fair cross-section requirement that applied to a jury venire also applied to a petit jury and held that petitioner had made out a prima facie case of discrimination. But, the Court of Appeals voted to rehear the case en banc and postponed rehearing until after the United

States Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). Ultimately, *Batson* was decided, overruling that portion of *Swain* setting forth the evidentiary showing necessary to make out a prima facie case of racial discrimination under the Equal Protection Clause of the Fourteenth Amendment with respect to a peremptory challenge system. *Batson* held that a defendant can establish such a case by showing that he is a "member of a cognizable racial group," that the prosecutor exercised "peremptory challenges to remove from the venire members of the defendant's race," and that these "facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." 476 U.S. at 96. The 7th Circuit Court of Appeals then held that petitioner could not benefit from the *Batson* rule because in the meantime *Allen v. Hardy*, 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878 (1986), had held that *Batson* could not be applied retroactively to cases on collateral review. The Court of Appeals also held that petitioner's *Swain* claim was procedurally barred and in any event meritless, and that the fair cross-section requirement was limited to the jury venire.

In *Lane*, the United States Supreme Court first reviewed and then enunciated the rules for retroactive application of a new constitutional rule. Like Neer, the petitioner in *Lane* failed to raise a claim at trial or on direct appeal in the Illinois courts and because of this failure he had forfeited review of the claim in the Illinois courts. The Supreme Court recognized, " 'It is well established that "where an appeal was taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues actually raised, and those that could have been presented but were not are deemed waived." ' " *Lane*, 489 U.S. at 297, (quoting *People v. Gaines*, 105 Ill. 2d. 79, 87-88, 473 N.E.2d 868, 873 [1984], *cert. denied* 471 U.S. 1131 [1985]).

After recognizing that new constitutional rules of criminal procedure generally will not be applied retroactively to cases on collateral review, the United States Supreme Court accepted Justice Harlan's suggestion for two exceptions to the rule stated in his separate opinion filed in *Mackey v. United States*, 401 U.S. 667, 675, 28 L. Ed. 2d 404, 91 S. Ct. 1160 (1971). *Lane*, 103

L. Ed. 2d at 356. The Court held a new rule should be applied retroactively to collateral proceedings: (1) "if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe,' " *Lane*, 103 L. Ed. 2d 356 (quoting *Mackey*, 401 U.S. at 692), or (2) "if it requires the observance of 'those procedures that . . . are "implicit in the concept of ordered liberty," ' " *Lane*, 103 L. Ed. 2d at 353 (quoting *Mackey*, 401 U.S. at 693). See *Palko v. Connecticut*, 302 U.S. 319, 325, 82 L. Ed. 288, 58 S. Ct. 149 (1937). *Such a new rule will not be applicable to those cases that have become final before the new rule was announced.*

The United States Supreme Court stated that the fundamental fairness exception is a narrow one that applies in limited circumstances. *Lane*, 103 L. Ed. 2d at 347. It then determined that because a decision extending the fair cross-section requirement to a petit jury would not be applied retroactively to cases on collateral review on the approach adopted, it would not address the petitioner's claim. See *Lane*, 103 L. Ed. 2d at 348. In effect, the respondent in *Lane* won the battle, but lost the war.

*Lane*'s "new rule" only applies to whether a new constitutional rule of criminal procedure should be given prospective or retroactive effect. As examples of a new constitutional rule of criminal procedure the Court discussed its prior decisions of *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684 (1961), which made the exclusionary rule applicable to the states, and *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), which held that, absent other effective measures to protect the Fifth Amendment privilege against self-incrimination, a person in custody must be warned prior to interrogation that he or she has certain rights, including the right to remain silent. See *Lane*, 103 L. Ed. 2d at 349-51.

Neer's claim that the "new rule" exception pronounced in *Lane* requires reversal of his conviction for aggravated sodomy fails for two reasons. First, in his original appeal, Neer failed to raise the question of sufficiency of the evidence; therefore, our decision affirming the sentence imposed by the district court was res judicata to the issue actually raised and those issues that could have been raised. Our decision in *Moppin* is not applicable to *Neer*, since Neer's case was final before our decision in *Moppin*

was announced. Second, neither *Moppin,* which determined that cunnilingus is not included in the definition of "sodomy," nor Neer's claim that there was insufficient evidence for his conviction for aggravated criminal sodomy reaches the magnitude that permits collateral attack under the new constitutional rule of criminal procedure doctrine of *Lane.*

Neer finally argues a Kansas appellate court may consider an issue not briefed when exceptional circumstances require consideration of the new issue to serve the ends of justice or to prevent the denial of a fundamental right. *State v. Puckett,* 230 Kan. 596, 597, 640 P.2d 1198 (1982). *Puckett* was a direct appeal in a criminal action where the defendant had been convicted of 21 violations of the Kansas Securities Acts. The Court of Appeals reversed and remanded the case for a new trial based on trial errors that had not been raised by the defendant. The State appealed, claiming that the Court of Appeals had exceeded its power. In affirming the Court of Appeals we recognized that although ordinarily an appellate court will not consider an issue which has not been raised in the trial court or which has not been raised by the parties on appeal, the appellate court does have the power to do so *sua sponte* in exceptional circumstances, where consideration of the new issue is necessary to serve the interest of justice or to prevent a denial of fundamental rights. *State v. Puckett,* 230 Kan. at 598.

Neer's right to appeal is entirely statutory and not a right vested in the United States or Kansas Constitutions. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by applicable statutes. *State v. Tripp,* 237 Kan. at 246. Neer was required to appeal his original conviction within 130 days; see K.S.A. 1985 Supp. 21-4603(3) and K.S.A. 22-3608(1) (Ensley 1981), in effect at the time of this case, and K.S.A. 1989 Supp. 21-4603(3) and K.S.A. 22-3608(1) (Ensley 1988). If a defendant fails to raise an issue in the appeal of his original conviction, the defendant cannot raise that issue in a subsequent appeal of a judge's failure to modify the defendant's sentence. Neer's reliance on *Puckett* for authority to collaterally attack an issue not raised in the original appeal is misplaced. *Puckett* merely recognized that when an issue is appealed and exceptional circumstances

require, an appellate court can *sua sponte* consider other issues when necessary to serve the interest of justice or to prevent a denial of fundamental rights. In the present appeal, Neer may only challenge the district judge's failure to modify his sentence.

Affirmed.