(940 P.2d 70)

No. 75,514

STATE OF KANSAS, *Appellee*, v. MABEL LITTRICE, *Appellant*.

Opinion filed May 30, 1997.

*Reid T. Nelson* and *Jean K. Gilles Phillips*, assistant appellate defenders, *Jay Yancey*, student intern, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Frank E. Kohl*, county attorney, *Vernon Anderson*, legal intern, and *Carla J. Stovall*, attorney general, for the appellee.

Before GERNON, P.J., LEWIS, J., and VICKERS, S.J.

LEWIS, J.: Defendant was convicted of possession of cocaine with intent to sell after three previous convictions. This is a drug severity level 1 felony in violation of K.S.A. 1993 Supp. 65-4127b(b). Defendant was sentenced to 150 months' incarceration, which is a sentence within the presumptive range for the crime of which she was convicted. She appeals from her conviction.

We affirm.

Since the parties are familiar with the evidence which led to defendant's arrest and conviction, we will not detail any of those facts unless it becomes absolutely necessary.

## SUPPRESSION OF EVIDENCE

The evidence against defendant was, by and large, seized from her home during the process of the execution of a search warrant. Defendant filed a motion to suppress the evidence which was denied after a hearing. However, when the disputed evidence was later offered at trial, defendant did not object.

Defendant argues on appeal that the trial court erred in failing to suppress the evidence seized from her home. We conclude that defendant has not preserved this issue for appeal.

In *State v. Cheeks*, 258 Kan. 581, 592-93, 908 P.2d 175 (1995), the Supreme Court stated the well-known rule which applies under these circumstances:

"The defendant's court-appointed attorney made no timely objection to the introduction of the evidence seized from the defendant's car at trial. The State argues that in the absence of a timely objection at trial, the defendant has not preserved this issue for appeal.

"A party must make a timely and specific objection to the admission of evidence at trial in order to preserve the issue for appeal. K.S.A. 60-404 states that a verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection. See *State v. Peckham*, 255 Kan. 310, 327, 875 P.2d 257 (1994); *State v. Johnson*, 255 Kan. 252, 254, 874 P.2d 623 (1994). By failing to make a contemporaneous objection at trial, the defendant failed to preserve this issue for appeal."

In *State v. Johnson*, 255 Kan. 252, 253-54, 874 P.2d 623 (1994), the court stated:

"If a motion in limine is denied, the moving party must object to the evidence at trial to preserve the issue on appeal. *State v. Synoracki*, 253 Kan. 59, Syl. ¶ 8, 853 P.2d 24 (1993); *State v. Clements*, 252 Kan. 86, Syl. ¶ 1, 843 P.2d 679 (1993); and *State v. Bailey*, 251 Kan. 156, Syl. ¶ 6, 834 P.2d 342 (1993). The same rule applies when a trial court reserves its ruling on a motion in limine until trial. The failure to request a ruling on the motion at trial or otherwise object to the evidence at trial results in the issue not being preserved on appeal.

"Defendant asks us to abandon our prior decisions requiring a contemporaneous objection to preserve the issue on appeal and adopt the clearly erroneous exception set forth in K.S.A. 22-3414(3) relative to appellate review of jury instructions. This we decline to do. The contemporaneous objection rule is required by K.S.A. 60-404. We therefore conclude that neither of the first two issues has been preserved on appeal."

See *State v. Sims*, 262 Kan. 165, 936 P.2d 779 (1997); *State v. Johnson*, 258 Kan. 61, 70-71, 899 P.2d 1050 (1995); *State v. Alford*, 257 Kan. 830, 840, 896 P.2d 1059 (1995); *State v. Duke*, 256 Kan. 703, 707-08, 887 P.2d 110 (1994).

As can be noted from the numerous cases cited above, defendant did not preserve this issue for appeal when she failed to object to the evidence being offered at trial. Under the settled law of this state, we do not reach the merits of the search warrant issue. While we do not necessarily agree with the reasoning of the dissenting opinion on this issue, we submit that the rule is not meant to apply only when the issue not preserved is without merit. In other words, we do not first determine the merits and then apply the rule outlined above only if the issue has no merit. We apply the rule where the issue has, as here, not been preserved for appeal. As recently as 1994, our Supreme Court has flatly refused to abandon the rule in question for the more liberal "clearly erroneous rule" applied in instruction issues. *State v. Johnson*, 255 Kan. at 254. We rest our decision on the issue on the long line of appellate decisions which have formulated and applied it.

## CONTINUANCE

Defendant next contends that the trial court erred in denying her motion for a continuance to secure the presence of material witnesses.

"The granting of a continuance in a criminal case is within the discretion of the trial court, and its ruling will not be disturbed unless such discretion has been abused and the substantial rights of the defendant have been prejudiced." *State v. Anthony*, 257 Kan. 1003, 1018, 898 P.2d 1109 (1995).

Defendant argues we should apply a de novo standard of review to this issue rather than the abuse of discretion rule set forth above. We decline to do so. Defendant cites *State v. Randall*, 257 Kan. 482, 894 P.2d 196 (1995), as authority for her requested departure from the traditional standard of review. We do not believe that *Randall* provides support for the proposition advanced by defendant, and we find no other authority to support a de novo standard

of review rather than the traditionally applied abuse of discretion standard.

The motion for continuance was filed 2 days before trial was scheduled to begin. The purpose of the continuance was to allow defendant to locate her son or grandson and other witnesses so that she could secure their presence for trial. Defendant's counsel argued that it had been difficult to prepare for trial because defendant's health often prevented her from making it to his office for appointments.

The State objected to the continuance, stating the case had been filed for a year and that the State had been ready to go to trial for some time. The trial court denied the continuance, noting that the trial date had been set for over a month.

We conclude the trial court did not abuse its discretion in denying the motion for a continuance. The brief of defendant indicates that the witnesses that defendant wanted to have at her trial were her grandson and other people living in her house or next door. We find it difficult to believe that people living in defendant's house or living next door to her could not have been secured at some time during the 3 months her defense counsel was appointed and represented her.

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *State v. Lumbrera*, 257 Kan. 144, 148, 891 P.2d 1096 (1995). We believe that reasonable people would have agreed with the trial court's decision to deny the motion for a continuance, and we hold that denial was not an abuse of discretion.

## INSTRUCTIONS

Defendant's final issue is that the trial court should have given the jury an instruction on nonexclusive possession. The trial court declined to do so.

We note that defendant did not propose any specific language for the instruction she suggested, and there is no PIK Crim. instruction on nonexclusive possession.

The State's objection to the instruction pointed out the fact that all of the drugs and drug paraphernalia were found in defendant's bedroom.

Defendant did not object to the failure to give the proposed instructions when the trial court read the instructions to the jury.

" 'No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds for the objection, unless the instruction is clearly erroneous. K.S.A. 22-3414(3). An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]' [Citation omitted.]" *State v. DePriest*, 258 Kan. 596, 605, 907 P.2d 868 (1995).

We have reviewed the evidence in this case, and we are unable to reach a conclusion that there was a real possibility that the jury would have returned a different verdict if the instruction requested by defendant had been given. We note that during the trial and at closing arguments, defense counsel made the argument to the jury that other people had access to defendant's home and speculated that the evidence found during the search could have belonged to any of those other people. It appears, therefore, that defendant's theory of defense was presented and argued to the jury even though it was not part of the instructions.

We hold that the trial court's failure to instruct the jury on nonexclusive possession was not clearly erroneous.

Affirmed.

GERNON, J., dissenting: The majority concludes that Littrice did not properly preserve her challenge to the denial of her motion to suppress because she failed to object to the admission of the evidence at trial. See *State v. Johnson*, 258 Kan. 61, 70-71, 899 P.2d 1050 (1995); *State v. Alford*, 257 Kan. 830, 840, 896 P.2d 1059 (1995); *State v. Duke*, 256 Kan. 703, 707-08, 887 P.2d 110 (1994).

It is well established that an appellate court will address an improperly preserved issue if such consideration is necessary to serve the interests of justice or prevent a denial of fundamental rights.

*State v. McIver*, 257 Kan. 420, 433, 902 P.2d 982 (1995); *State v. Clemons*, 251 Kan. 473, 483, 836 P.2d 1147 (1992).

In *Clemons*, one of the challenges on appeal concerned the admission of evidence that linked Clemons to the crime which, he alleged on appeal, was illegally seized at the home of his girlfriend. The argument was not raised in a motion to suppress or in any other manner at trial. The Kansas Supreme Court considered the merits of the contention, stating:

"Although ordinarily an appellate court will not consider an issue which has not been raised in the trial court, the court does have the power to do so in exceptional circumstances, as in this case, where consideration of the new issue is necessary to serve the interests of justice or to prevent a denial of fundamental rights." 251 Kan. at 483.

This view of the obligation of an appellate court is not new.

Justice Brewer, writing in *State v. Stewart*, 24 Kan. *250, 251 (1880), on the issue before us, stated: "True, if any glaring error to the prejudice of the rights of an accused appeared, we might be constrained to notice it."

This court, in *State v. Puckett*, 6 Kan. App. 2d 688, 703-05, 634 P.2d 144 (1981), *aff'd* 230 Kan. 596, 640 P.2d 1198 (1982), stated:

"Furthermore, issues not raised at the trial level can be reviewed under certain circumstances even though not considered by the trial court.

" 'As a general rule, a reviewing court will consider only those issues on which the parties have relied in trying their case, but exceptions exist where the newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case, or where consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights.' *Pierce v. Board of County Commissioners*, 200 Kan. 74, Syl. ¶ 3, 434 P.2d 858 (1967); *Holmquist v. D-V, Inc.*, 1 Kan. App. 2d 291, 299, 563 P.2d 1112 (1977).

"Prior to January, 1977, there was a special rule in Kansas which stated in part: '[N]o issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, may be briefed or will be considered on the appeal unless included in the statement of points.' Rule No. 6(d) (214 Kan. xxiii). See also *State v. Johnson*, 219 Kan. 847, 549 P.2d 1370 (1976).

"Effective January 10, 1977, the former Rules of Appellate Practice, numbers 1 through 18 were repealed and new rules of appellate procedure adopted. (220 Kan. xxix). The new rules contained no comparable statement. However, as noted

1022

above, when the briefs did not raise an error such errors were not considered even after elimination of the court rule.

"We find no Kansas cases which recognize an error not raised on appeal other than the inferences which might well be drawn from the Kansas cases cited above. However, it is noted that other jurisdictions have recognized grave trial errors even though said errors were not raised in the briefs. Some have done so under specific rules of court which allow them to recognize 'plain error,' while others have done so in the interest of justice.

"In *Knihal v. State*, 150 Neb. 771, 36 N.W.2d 109 (1949), the court reviewed an instruction even where said instruction was not assigned as error by defendant in his brief. The instruction was in a criminal case and infringed upon the right of a jury to judge the credibility of witnesses and to give weight to their testimony. Said instruction was held to be an abridgement of the substantial right of the defendant. It is noted that in Nebraska, under a special rule of court, an appellate court was allowed to recognize plain error.

"In *State v. Cutshaw*, 7 Ariz. App. 210, 437 P.2d 962 (1968), it was held that it was immaterial whether a fundamental defect was raised by defendant's brief or by the Court of Appeals, sua sponte. The error was considered even though not raised on appeal. It is noted the error was raised below. Because of a faulty information, the particular defect was that the defense had no way of knowing what the issues were.

"In *Davis v. State*, 276 So. 2d 846 (Fla. Dist. Ct. App. 1973), though a point was not raised by defendant in his brief, the court of appeals recognized an obvious error in admitting evidence of another offense. It was therein stated:

'[P]atently invalid convictions ought not be affirmed on the basis of technicalities which cannot in the end thwart effective appellate review once the appellant gets the due process to which he is entitled.' 276 So. 2d at 849.

"In *People v. Hendrickson*, 11 Ill. App. 3d 219, 296 N.E.2d 751 (1973), the court considered an error which was clear from the record under a rule of court which allowed them to recognize plain error.

"In *People v. McCollough*, 8 Ill. App. 3d 963, 291 N.E.2d 505 (1972), the question of the constitutionality of a statute was considered even though not raised in the court below nor on appeal. That state had a rule of court which allowed them to recognize plain error.

"In *Boyd v. State*, 204 So. 2d 165 (Miss. 1967), an unlawful search and seizure was considered although the issue was not briefed on appeal.

"In *Tatum v. State*, 534 S.W.2d 678 (Tex. Crim. 1976), the question of double jeopardy which was not raised in appellant's brief was considered because said issue involved both a violation of state and federal constitution[s] and required review in the interest of justice.

"In *Henson v. State*, 530 S.W.2d 584 (Tex. Crim. 1975), the clear violation of a statute regarding preparation time for counsel could be reviewed even though not raised by the briefs.

"In *State v. Smith*, 11 Wash. App. 216, 521 P.2d 1197 (1974), an instruction which was assigned as error but was not set forth in the brief was reviewed. The court stated:

'Ordinarily, failure to set forth a challenged instruction in the brief will prevent review, as will failure to present the grounds relied upon to the trial court. However, instructions which allegedly violate a constitutional right "will be reviewed even though error was not properly claimed or preserved." (Citation omitted)' 11 Wash. App. 224, citing from *State v. Williams*, 4 Wash. App. 411, 413, 481 P.2d 918 (1971)."

Our Supreme Court, in *State v. Puckett*, 230 Kan. 596, 598-601, 640 P.2d 1198 (1982), Justice Prager writing, stated on review:

"The issue presented has been addressed on several occasions by this court. We note for example *Pierce v. Board of County Commissioners*, 200 Kan. 74, 434 P.2d 858 (1967), where Justice Fontron stated the general rule and then recognized certain exceptions thereto. Syllabus ¶ 3 states:

" 'As a general rule, a reviewing court will consider only those issues on which the parties have relied in trying their case, but exceptions exist where the newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case, or where consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights.'

In *Pierce*, the plaintiffs maintained on the appeal that, under the factual circumstances in the case, they had been deprived of their property without due process of law in violation of the Fourteenth Amendment to the federal Constitution and § 2 of the Bill of Rights of the Kansas Constitution. Plaintiffs' counsel candidly admitted that the constitutional question had not been raised in the court below and conceded that a reviewing court will ordinarily consider only those issues upon which the parties have tried their case. The opinion recognized three exceptions to the general rule:

(1) Cases where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case;

(2) Questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and

(3) That a judgment of a trial court may be upheld on appeal even though that court may have relied on the wrong ground or assigned a wrong reason for its decision.

"The Court of Appeals relied in part on *Pierce* and based its power to reverse on unclaimed errors in the instructions on the grounds that the error in the instructions was so extreme as to present a high likelihood that defendant's constitutional rights to a fair trial were denied. The rule of *Pierce* has been recognized in several later cases. *Shinkle v. State Highway Commission*, 202 Kan. 311, 318,

448 P.2d 12 (1968); *Fields v. Stauffer Publications, Inc.*, 2 Kan. App. 2d 323, 325, 578 P.2d 1138, *rev. denied* 225 Kan. 843 (1978); and *Holmquist v. D-V, Inc.*, 1 Kan. App. 2d 291, 298-300, 563 P.2d 1112 (1977). There is, therefore, Kansas precedent for the proposition that an appellate court in Kansas may, under unusual circumstances, consider issues which were not raised in the trial court.

"There is also prior case law in Kansas recognizing the power of an appellate court to raise *sua sponte* and determine issues which were not raised either in the trial court or by any of the parties on the appeal. We note for example *State v. Stewart*, 24 Kan. °250 (1880). In the opinion, Justice Brewer stated:

'If counsel desire that any particular matter be considered, they must call our attention directly to it. We do not search for errors, but examine only the errors alleged. True, if any glaring error to the prejudice of the rights of an accused appeared, we might be constrained to notice it. None such appear upon this record.' pp. °250-51.

"In the syllabus, the court stated the rule to be as follows:

'*Ordinarily*, this court will consider only such questions as are specifically pointed out and discussed by counsel, and will not search through a record for the sake of finding error.' Syl. ¶ 1. (Emphasis supplied.)

The implication is clear that, in an unusual case, an appellate court has the right and the power to search for error and take appropriate action where justice requires it.

"The case of *State v. Minor*, 197 Kan. 296, 416 P.2d 724 (1966), involved an appeal in a criminal action from a conviction of manslaughter in the first degree. On appeal, the defendant raised a number of trial errors but did not challenge the sufficiency of the information to charge the offense of manslaughter in the first degree. In spite of that fact, the Supreme Court *sua sponte* raised the new issue on its own motion and set aside the judgment of conviction. In the opinion, Justice Schroeder held the information to be defective not only on jurisdictional grounds but also on the constitutional basis that a conviction on such a defective information constituted a denial of due process of law under the Fourteenth Amendment to the United States Constitution. The case is particularly pertinent because the basis of the reversal was the fact that the information failed to allege an *essential element* of the crime charged.

"We also note two civil cases where the validity of a statute or ordinance was determined in the district court. After the appeal was taken, the legislature amended the statute which was involved in the case. In each instance, the effect of the later statute was considered by the Supreme Court and final disposition of the case on appeal was based on the later statute in effect at the time of appeal. These cases are *Manzanares v. Bell*, 214 Kan. 589, 522 P.2d 1291 (1974), and *Ash v. Gibson*, 146 Kan. 756, 74 P.2d 136 (1937). In each case the later statute was never considered by the district court, yet the Supreme Court applied the later legislation in determining the case. The rationale for such action was that it would serve no useful purpose to determine the case under the old statute and then

require the parties to file a new case or to take a second appeal where the later legislation could be reconsidered. The interests of justice required that the later statute be considered in determining each case.

"We also think it important to note *Kennedy v. City of Sawyer*, 4 Kan. App. 2d 545, 608 P.2d 1379 (1980), decided by the Court of Appeals. That decision was reversed on petition for review in *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980). The case was tried in the district court as a case involving the doctrine of contributory negligence with no reference whatsoever to the doctrine of comparative negligence. On appeal, the Court of Appeals concluded that the interests of justice required the determination of a number of questions in the case involving comparative negligence, although most of the issues had never been raised by the parties either in the trial court or in the parties' briefs. On review in the Supreme Court, the parties were afforded an opportunity to present their positions on the various new issues and those issues were determined.

"The conclusion which we have reached from these cases is that, although *ordinarily* an appellate court will not consider an issue which has not been raised in the trial court or which has not been raised by the parties on appeal, the court does have the power to do so in exceptional circumstances, where consideration of the new issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights. We have thus concluded that syllabus ¶ 13 and the corresponding portion of the Court of Appeals opinion is a correct statement of the law of this State."

Under the facts of this case, in my view, it would be an injustice to find that Littrice has failed to preserve this issue by not objecting to the evidence at trial. The issue Littrice raises concerning the validity of the search warrant goes to the very heart of her conviction, and its consideration is necessary to properly serve the interests of justice. I believe we have not only the right and the power to consider the issue but, also, have the duty to do so, under these facts.

The Fourth Amendment to the United States Constitution and Section 15 of the Kansas Constitution Bill of Rights protect against unreasonable searches and seizures. The principal purpose of the exclusionary rule is to deter law enforcement authorities from violating constitutional mandates. By refusing to admit evidence gained through an officer's illegal conduct, the courts hope to instill a greater degree of care and caution towards the rights of an accused. *United States v. Peltier*, 422 U.S. 531, 539, 45 L. Ed. 2d 374, 95 S. Ct. 2313 (1975); *State v. Ratzlaff*, 255 Kan. 738, 753, 877 P.2d 397 (1994).

While a defendant normally cannot challenge the allegations in a search warrant's supporting affidavit, there is an exception to this rule where the defendant makes a substantial preliminary showing " 'that the affidavit or application for search warrant contains material statements of *deliberate falsehood or of reckless disregard for the truth.*' " (Emphasis added.) *State v. Jensen*, 259 Kan. 781, 787, 915 P.2d 109, *cert. denied* 136 L. Ed. 2d 250 (1996) (quoting *State v. Jacques*, 225 Kan. 38, Syl. ¶ 5, 587 P.2d 861 [1978]); see *Franks v. Delaware*, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

Here, the supporting affidavit for the search warrant provided the following information:

A confidential informant (CI), "*SIE 940006*," learned, while working on another case, that Littrice was cooking crack cocaine at her residence. *The police also had taped a conversation in which one of Littrice's relatives told the CI this information.* In addition, other reliable informants had stated that Littrice is the main manufacturer of crack cocaine in the area and regularly cooks crack cocaine around the clock. Finally, "*CI # 444*" had observed some cocaine at Littrice's residence within the 72 hours before the affidavit was prepared.

An independent magistrate must rely on the information contained in the affidavit for a search warrant. The message conveyed from the above assertions, which was used to obtain the search warrant here, was that (1) there were two informants or agents, and (2) there was a tape recording made containing vital information which would support an application for a search warrant.

However, at the hearing on the motion to suppress, the affiant acknowledged that "SIE 940006" and "CI # 444" were, in fact, *the same confidential informant.* The affiant also admitted that *Littrice's relative did not tell the CI in the taped conversation that Littrice was cooking crack cocaine* and acknowledged listening to the tape recording shortly after preparing the affidavit.

Based on this testimony, the affiant, at the very least, recklessly disregarded the truth while attempting to bolster his assertions to the judge in order to obtain a warrant, and, in a worst case scenario, committed fraud on the court and filed a knowingly false affidavit.

Once the falsity or reckless disregard for the truth of the statements is established, these statements must be removed from the affidavit and the remaining statements must be reexamined to determine whether probable cause existed to support the warrant. See *Franks v. Delaware*, 438 U.S. at 171-72.

The CI's and other informants' statements could support probable cause if they were either reliable and credible or were corroborated by an independent police investigation. See *State v. Probst*, 247 Kan. 196, 201, 795 P.2d 393 (1990); *State v. Olson*, 11 Kan. App. 2d 485, 491-92, 726 P.2d 1347, *rev. denied* 240 Kan. 805 (1986).

Here, there is no information in the affidavit to support either the CI's or the other informants' reliability. The State refers to the taped conversation as indicia of reliability, but the affidavit does not provide the substance of the conversation beyond the inaccurate representation regarding Littrice's cooking of cocaine.

Moreover, the only attempt by the police that is mentioned in the affidavit to corroborate the CI's assertions consisted of sending the CI back to Littrice's address to see if cocaine was currently at the residence. I fail to see how this action constitutes an adequate independent police investigation into the reliability of the CI's allegations. Consequently, the CI's and other informants' statements do not provide sufficient support of probable cause under any objective standard or reading.

Whether the affiant's failure to adequately substantiate the informants' reliability and credibility was intentional or unintentional does not change the fact that these assertions lack an indicia of reliability and, at most, create a suspicion that Littrice was involved in illegal activity at her residence. See *State v. Ratzlaff*, 255 Kan. at 751.

Nor can I find the search valid under the good faith exception to the exclusionary rule as set forth in *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984), and discussed in *State v. Doile*, 244 Kan. 493, 501-02, 769 P.2d 666 (1989).

In my view, the police officer swore to statements in the affidavit which misled the court into issuing a search warrant. Although it

is questionable whether the affiant, who also participated in the search, intended to mislead the court, the record establishes that the police officer should have reasonably known that his affidavit failed to establish probable cause in the absence of the misleading statements and further factual assertions. See *Leon*, 468 U.S. at 923; *State v. Olson*, 11 Kan. App. 2d at 493.

The framers of the Bill of Rights may well have accepted good faith exceptions to the plain words written in the Fourth Amendment. It is difficult to imagine that they would in any way allow or condone statements which were inaccurate, deceptive, or falsely made to induce an independent magistrate to issue a search warrant, which the Fourth Amendment states must not be issued except "upon probable cause, supported by Oath or affirmation."

The drugs discovered through the search should have been suppressed.