(978 P.2d 291)

No. 79,807

STATE OF KANSAS, *Appellee,* v. ANTONIO C. MOORE, *Appellant.*

Opinion filed April 16, 1999.

*Mary D. Prewitt,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before LEWIS, P.J., GREEN and MARQUARDT, JJ.

MARQUARDT, J.: Antonio C. Moore appeals his convictions for robbery and theft. Returning to their car after shopping in August 1995, Christie Brown and her fiance, Chad Schieb, saw a car parked diagonally next to theirs that looked "suspicious." As Brown neared the trunk of her car, Moore emerged from his vehicle. Moore approached Brown and said, "Give me your keys." Brown tossed her keys to Moore, because she felt "threatened." Moore entered Brown's car and took her car stereo. Moore returned to his car and drove away with Brown's stereo and her keys.

Two days later, Angela Bryant went to her part-time job. She left her purse, a cellular phone, and some other personal items locked in her car. When Bryant returned to her car after work, she noticed that her cellular phone was missing, her purse was open on the back seat, and her wallet was missing.

Later that day, Moore was arrested. Officers found pay stubs belonging to Bryant in Moore's vehicle. After Moore was in custody, Brown and Schieb were shown a photo lineup. Brown and Schieb identified Moore.

Moore was convicted of robbery and theft after a jury trial. Moore appeals his convictions.

When the sufficiency of the evidence is challenged, the question is whether, after a review of all the evidence, viewed in a light most favorable to the prosecution, a rational factfinder could have found defendant guilty beyond a reasonable doubt. *State v. Claiborne*, 262 Kan. 416, 425, 940 P.2d 27 (1997).

Moore argues that there is no objective evidence of any threat to Brown. Moore asserts that relying on subjective evidence of fear does not provide evidence that he is guilty of robbery beyond a reasonable doubt.

"Robbery is the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426. "Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property: (1) Obtaining or exerting unauthorized control over property." K.S.A. 21-3701(a)(1).

Kansas has not defined what constitutes threat of bodily harm. Generally, actual fear need not be strictly proven; the law will presume fear if there are adequate indications of the victim's state of mind. 67 Am. Jur. 2d, Robbery § 24, p. 79. In *U.S. v. Mitchell*, 113 F.3d 1528 (10th Cir. 1997), the court held that there was sufficient evidence to prove robbery when Mitchell merely approached the teller's window and said, "This is a holdup." The court looked to three factors in making its decision: (1) whether the situation appeared dangerous; (2) whether defendant intended to intimidate; and (3) whether the victim's fear of death or injury was reasonable. 113 F.3d at 1531.

There is no question that Moore intended to intimidate Brown to get her keys; however, there is a question as to whether there was a threat of bodily harm. Brown was 18 years old when she was approached by Moore. She testified that it was between 7:30 and 8 p.m. and starting to get dark. She said that Moore was "out there going to do something, but we kind of caught him in the middle of his tracks so he didn't know what to do." When asked, "How did the man take your keys from you?" Brown answered, "He just asked generally for my keys and I just gave them up because I didn't want any kind of a problem." She stated that she was afraid so she tossed the keys to him when he was about 5 feet away. When asked, "Why [did] you do that, why did you give him your keys?" Brown responded, "Well, whenever someone asks for my things that I don't know, I'm going to give it to them if I feel threatened." On cross-examination, Brown said that no one threatened her, there were no weapons involved, no one said, "I've got a gun", "I've got a knife", or "I'm going to kill you." The question is whether being scared and feeling threatened rises to the level of reasonable fear of death or injury.

In *State v. Bateson*, 266 Kan. 238, 970 P.2d 1000 (1998), the Supreme Court held that it is not robbery when the thief gains peaceable possession of the property and uses no violence except when resisting arrest or escaping. Moore obtained possession of the car keys peaceably and without violence to Brown. There was no resistance by Brown. Under these circumstances, there is no basis for concluding that Moore took Brown's keys by force or by

threat of bodily harm; therefore, we cannot affirm Moore's conviction for robbery, and the sentence for that conviction must be vacated. There was, however, sufficient evidence to support the lesser included offense of theft. Where a defendant has been convicted of the greater offense of robbery but the evidence supports only the lesser included offense of theft, the conviction for robbery should be vacated and the case remanded for defendant to be resentenced on the conviction of theft. See *State v. Kingsley*, 252 Kan. 761, 782, 851 P.2d 370 (1993). Moore's case is remanded to the district court for resentencing for the conviction of theft.

Moore asserts that the State violated his due process rights by commenting on his post-arrest silence in its cross-examination of him and in its closing argument. A verdict shall not be set aside, nor shall the judgment based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record a timely objection to the evidence, stating clearly the grounds for the objection. K.S.A. 60-404.

Kansas courts have considered this statutory bar to be absolute. In *State v. Johnson*, 255 Kan. 252, 254, 874 P.2d 623 (1994), the court was asked to set aside the contemporaneous objection rule in favor of a clearly erroneous standard. The court refused, citing the statutory obligation to have a contemporaneous objection on the record before the admission of evidence may be considered on appeal. Accord *State v. Sims*, 265 Kan. 166, 960 P.2d 1271 (1998); *State v. Littrice*, 23 Kan. App. 2d 1016, 940 P.2d 78, *rev. denied* 262 Kan. 966 (1997).

Moore objects to questioning by the prosecutor regarding Moore's statements to the police after he was arrested. Moore initially claimed that he was not present while the crimes were being committed. The prosecutor attempted to impeach Moore's testimony at trial concerning his whereabouts while the crimes were being committed. The prosecutor also mentioned during closing argument Moore's failure to tell the truth to the police.

Reversible error cannot be predicated upon a complaint of misconduct of counsel in closing argument to the jury when no contemporaneous objection was made. *State v. Walker*, 244 Kan. 275, 280, 768 P.2d 290 (1989). Improper remarks made in closing ar-

gument are grounds for reversal only when they are so gross and flagrant as to prejudice the jury against the defendant so that defendant is denied a fair trial. *State v. Baker,* 249 Kan. 431, 446, 819 P.2d 1173 (1991).

There is no evidence in the record that Moore's counsel made a contemporaneous objection to any statement made by the prosecution. Moore admits that his counsel did not object during questioning by the prosecution. The issue of whether the evidence was correctly admitted has not been preserved for appeal. K.S.A. 60-404. No objection was made to the cross-examination of Moore and, therefore, his claim of denial of constitutional due process rights is without merit. The statements made by the prosecutor during closing argument were not so gross and flagrant as to prejudice the jury against Moore and did not deny him a fair trial. The theft conviction is affirmed.

Affirmed in part, reversed in part, and remanded for resentencing.