(38 P.3d 144)

No. 85,781

STATE OF KANSAS, *Appellee*, v. ANDREW JACKSON MUSICK IV,
*Appellant*.

Opinion filed January 18, 2002.

*Shawn E. Minihan*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Brian R. Sherwood*, assistant county attorney, *R. Lee McGowan*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., BRAZIL, S.J., and JOHN J. WHITE, District Judge, assigned.

BEIER, J.:    Andrew J. Musick IV was convicted of cultivation of marijuana, a severity level 3 drug felony. He appeals the trial court's denial of his motion to suppress.

Musick's troubles with this case began when two persons who identified themselves as Daniel and Gail Schoenberger contacted the police after being in Musick's rented home in Garden City. The Schoenbergers said that they worked for a firm hired by the

property owner to find tenants and collect rents. They said they had observed 15 marijuana plants in the basement, 15 to 20 marijuana plants in an upstairs bedroom, and a large pile of $50 bills on the dining room table.

The following day, two police detectives drove by the home at midday and observed that the blinds on every window were closed. Approximately 2 hours later, Detective Larry Watson swore out an "Affidavit and Application for Search Warrant" containing the information from the Schoenbergers and the detectives' drive by the home. It did not detail any other attempt to verify the identity and reliability of the Schoenbergers or the information they provided. Still later that day, Detective Watson executed the search warrant at the home and seized marijuana plants and other contraband.

Musick contended at pretrial that the information in the warrant did not support a finding of probable cause and that the good faith exception to the warrant requirement did not apply. The district court denied his motion to suppress and convicted him after a bench trial on stipulated facts.

When reviewing a trial court's decision as to the suppression of evidence, an appellate court normally gives great deference to the findings of fact of the trial court. The appellate court must not substitute its view of the evidence for that of the trial court if the trial court based its factual findings on substantial competent evidence. *State v. Wonders*, 263 Kan. 582, 588-89, 952 P.2d 1351 (1998). However, the ultimate decision concerning the suppression of evidence is a question of law requiring independent appellate review. *State v. Vandiver*, 257 Kan. 53, 58, 891 P.2d 350 (1995).

Musick would have us treat the Schoenbergers with the same degree of suspicion that we attach to anonymous tipsters or confidential informants. This is inappropriate. The Schoenbergers identified themselves to the police and gave details that could have been used to find them quickly in the event their information was false. In subjecting themselves to potential criminal and civil liability, their information took on an added degree of reliability. As recognized recently by the Supreme Court in two cases, "the most favored of the tips are those which are in fact not really anonymous at all. These tips occur when the person giving the tip gives the

police his or her name and address or identifies himself or herself in such a way that he or she can be held accountable for the tip." *State v. Slater*, 267 Kan. 694, 700, 986 P.2d 1038 (1999); see also *City of Pratt v. Stover*, 272 Kan. 279, 283, 32 P.3d 1143 (2001) (drunk driving tip from person who gave her name, address to police dispatcher).

Musick's reliance on *United States v. Leake*, 998 F.2d 1359 (6th Cir. 1993), does not help him. In *Leake*, the Sixth Circuit Court of Appeals found no probable cause for a search warrant when police attempted to confirm an *anonymous* tip by surveillance of a home. 998 F.2d at 1365. The surveillance only confirmed the address and the existence of a basement. *Leake* is distinguishable from this case on its facts.

Courts simply do not consider informants who provide their names and other identifying information as unreliable as anonymous tipsters and confidential informants, for whom corroboration is required before a residential search warrant is issued. When an informant identifies himself or herself to the authorities and provides enough contact information to be held accountable for the tip provided, it is reasonable for the police to believe the tip and act upon it. See *State v. Rose*, 8 Kan. App. 2d 659, 663, 665 P.2d 1111, *rev. denied* 234 Kan. 1077 (1983) (uncorroborated evidence from admitted coconspirator with first-hand knowledge who subjected himself to potential liability by coming forward); see also *United State v. Downes*, 2001 WL 121951 (D. Kan. 2001) (citizen informant identified by name with first-hand knowledge of wrongdoing entitled to presumption of reliability without corroboration). Probable cause was established. See *State v. Prewett*, 246 Kan. 39, 46-47, 785 P.2d 956 (1990).

It was certainly reasonable to believe the Schoenbergers in this case. They not only put their names on the line, they supplied enough information to make it clear how and why they knew what they knew. Although better police practice would have been to verify their names and employment status before applying for the search warrant, such verification was not indispensable to the finding of probable cause adequate for its issuance.

Affirmed.