(75 P.3d 292)
No. 86,901

MABEL LITTRICE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed August 29, 2003.

*Virginia A. Girard-Brady*, of ABS Legal Services, LLC, of Lawrence, for appellant.

*Frank E. Kohl*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before KNUDSON, P.J., BEIER and MALONE, JJ.

KNUDSON, J.: Mabel Littrice appeals from the district court's denial of her motion filed under K.S.A. 60-1507, alleging ineffective assistance of trial counsel. Previously, in a published opinion we remanded this matter to the district court for findings of fact and conclusions of law as required under Supreme Court Rule 183(j) (2002 Kan. Ct. R. Annot. 210). See *Littrice v. State*, 30 Kan. App. 2d 800, 48 P.3d 690 (2002). The district court has since complied with the mandate and the parties have filed supplemental briefs.

We will not recite in detail the evidence in the underlying criminal action and the issues raised in Littrice's direct appeal. Those matters are extensively detailed in *State v. Littrice*, 23 Kan. App. 2d 1016, 940 P.2d 70, *rev. denied* 262 Kan. 966 (1997).

Littrice's claim of ineffective assistance of trial counsel is twofold. First, she contends counsel did not make a contemporaneous objection at trial that would have preserved the issue of an illegal search and seizure. Second, counsel did not adequately prepare for

trial. Littrice contends each of these deficiencies deprived her of a fair trial.

We hold Littrice was denied a fair trial because of ineffective assistance of trial counsel. Her conviction is vacated, and we remand to the district court for new trial.

The performance and prejudice prongs of an ineffective assistance of counsel claim are mixed questions of law and fact on appeal, requiring de novo review. *State v. Sperry*, 267 Kan. 287, 297, 978 P.2d 933 (1999). However,

"where the trial court has made findings of fact and conclusions of law, [an appellate court determines] whether the decision reached by the trial court follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. [Citation omitted.]" *State v. Orr*, 262 Kan. 312, 322, 940 P.2d 42 (1997).

"Before counsel's assistance is determined to be so defective as to require reversal of a conviction, defendant must establish (1) counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious they deprived defendant of a fair trial." *State v. Hedges*, 269 Kan. 895, 913, 8 P.3d 1259 (2000).

In remanding this matter to the district court for findings of fact and conclusions of law, we said:

"In her direct appeal and in this collateral proceeding, Littrice has consistently claimed two statements in the affidavit were not included in the tape recording of the conversation between Curtis and the informant: (1) Curtis told the informant that he was running low on crack cocaine until Littrice finished cooking up a batch at home, and (2) Curtis told the informant that Littrice was cooking crack cocaine at this time. However, the affidavit specifically referred to only the last statement being on a tape recorded conversation between Curtis and the informant.

"Contrary to the clear language in the affidavit, Burleson claimed the second challenged statement was not quoting Curtis but was referring to the informant's statement to Traglio after she had the conversation with Curtis. Particularly troublesome is the fact that the clear language in the affidavit indicates this statement was on the tape recording, but Burleson admitted he did not listen to the tape recording until after he typed the affidavit. Thus, once he listened to the tape recording, it should have been clear this statement was not on the recording. Yet, he did not change the specific language in the affidavit. This inaction could constitute reckless disregard for the truth of the statement.

"Equally troubling, the affidavit does not indicate the first challenged statement by Curtis that he was running low on crack cocaine until Littrice cooked a batch was on the recording. Here again, this may indicate a reckless disregard or an attempt to mislead the reviewing magistrate." *Littrice*, 30 Kan. App. 2d at 805-06.

In complying with this court's mandate, the district court has favored us with the following findings of fact and conclusions of law:

"Motion to Suppress Search.

"On January 25, 1995, defendant's motion to suppress came on the hearing. At the close of that hearing, defendant's counsel Ms. Carol Hall, requested a recess until January 27 to present further evidence. The Court granted that request. There were no appearances on January 27.

"On March 1, 1995 Ms. Hall withdrew as counsel in this case and was replaced by Mr. Michael Jones. A transcript of the previous partial suppression motion was provided to Mr. Jones on April 25, 1995.

"On June 7, 1995, four and one half months after evidence was presented, counsel presented argument on the suppression motion. This Court ruled that the record revealed no grounds upon which a suppression should be granted and denied defendant's motion. Complete records were preserved of both hearings for appellate review.

"It is apparent from the evidence presented that the affidavit in support of this search warrant was prepared in haste and confusion. It appeared that two informants were involved when in fact there was only one with two different law enforcement numbers. Statements are attributed to a body pack recording that do not appear on that recording, but that seem to have been made to the informant who relayed them to Officer Traglio who in turn relayed them to Officer Burleson.

"Haste in the preparation of a search warrant application is often understandable, but confusion is more troubling. However, this Court in its long professional association with Officers Traglio and Burleson has never known them to intentionally mislead the Court or counsel. On the contrary, on many occasions, they have volunteered information helpful to defendants and they testified frankly in this matter. They testified at this suppression hearing that this informant had provided reliable information to them in the past, but they did not include that in their affidavit.

"It was uncontroverted in this case that Informant #444, also known as SIE 940006 reported to law enforcement officers that she had observed cocaine in 308 Ottawa within seventy-two hours previous to the issuance of this search warrant. Her identity and whereabouts were well known to these officers and she agreed to appear in court and testify about that fact. It was also uncontroverted that other reliable informants advised the Leavenworth County Drug Task Force

[that] the defendant was the main crack cocaine cooker in the Leavenworth area and cooks crack on a regular basis.

"Courts simply do not consider informants who provide their names and their identifying information as unreliable as anonymous tipsters and confidential informants for whom corroboration is required before a residential search warrant is issued. When an informant identifies himself or herself to the authorities and provides enough contact information to be held accountable for the tip provided it is reasonable for the police to believe the tip and act upon it. [*State v. Musick*, 30 Kan. App. 2d 76, 38 P.3d 144, *rev. denied* 273 Kan. 1039 (2002).] Here, the informant was not only well known to the authorities but pledged to appear and testify in court, revealing her identity and subjecting herself to potential criminal and civil liabilities.

"The task of the issuing Magistrate is simply to make a practical common-sense decision. Whether, given all the circumstances set forth in the affidavit before him, including 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. [*Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983).] Here, the affidavit and application for search warrant as presented to the issuing Magistrate, as shorn of the incorrect information therein, and as supplemented by the testimony presented at the suppression hearing passes the *Gates* test. The evidence seized in that search should not be suppressed."

We are now adequately informed to decide whether the supportive affidavit for the search warrant contains (1) material statements of deliberate falsehood or statements made in reckless disregard for the truth, or (2) deliberate omissions of material fact. See *State v. Morris*, 27 Kan. App. 2d 155, 157, 999 P.2d 283, *rev. denied* 269 Kan. 938 (2000). Where information is omitted from the application for a search warrant or any supportive affidavit, it should be determined whether the omission was material and whether it rendered the application and affidavit unreliable. *State v. Arculeo*, 29 Kan. App. 2d 962, 967, 36 P.3d 305 (2001).

We do not believe the district court's findings and conclusions are sufficient to uphold the issuance of the search warrant. The affidavit is replete with inaccurate information that is misleading and could only have been set forth in reckless disregard for the truth. Equally troubling is the affiant's deliberate effort to conceal from the magistrate that there was only one informant, not two, as represented in the affidavit. It is also apparent that the district court did not redact material misrepresentations and then determine if the remaining averments were sufficient to establish prob-

able cause. Instead, the district court considered additional probable cause evidence presented at the suppression hearing to uphold the search warrant. This was not appropriate. The district judge's decision must be based upon the remaining statements within the affidavit once purged of material misrepresentations. See *Arculeo*, 29 Kan. App. 2d at 968. Our obligation is the same.

The evidence presented at the *Franks* hearing discloses:

1. Curtis Littrice did not tell confidential informant SIE 940006 he was running low on crack cocaine until Mabel Littrice finished cooking up a batch at home.

2. The taped cassette recording does not contain a statement by Curtis advising the confidential informant that "Mabel Littrice is cooking crack cocaine at this time."

3. The statements in the affidavit, "[t]he Leavenworth County Drug Task Force has received information in the past from other reliable informants," and "[i]nformation obtained in the past has been that Mabel cooks the crack around the clock on a regular basis," are general allegations without factual support.

4. To corroborate the information provided by SIE 940006, the affiant asserted information provided by CI # 444. In fact, there was only one informant.

After redaction of the false and unsupported factual representations in the affidavit, we are left with a shell that does not support probable cause for issuance of the search warrant.

We turn next to the issue of whether Littrice's trial counsel was ineffective for failing to preserve the suppression issue for appeal.

One only has to read the dissenting opinion of Judge Gernon (now Justice Gernon) in Littrice's direct appeal to appreciate just how critical the evidence was that should have been suppressed. Without the evidence, the State in all probability could not have secured a conviction. Under these circumstances, trial counsel's failure to make a timely and contemporaneous objection to the admission of the evidence at trial constitutes ineffective performance that prejudiced the defendant's right to a fair trial.

Littrice also contends trial counsel's failure to subpoena certain individuals to testify constitutes ineffective assistance of counsel. The district court addressed this claim and found it to be without

merit. We believe the district court's findings are supported by substantial competent evidence and Littrice failed to prove prejudice under this prong of her claim.

We reverse Littrice's conviction and remand to the district court for a new trial.