**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES W. GRIFFIN,

  Petitioner - Appellant,

v.

DAN SCNURR; DEREK SCHMIDT,

  Respondents - Appellees.

No. 14-3208
(D.C. No. 5:12-CV-03146-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **SEYMOUR**, and **MATHESON**, Circuit Judges.
_____

   James Griffin and Maurice Franklin's attempt to rob a restaurant in Kansas did not go as planned.  Mr. Franklin shot the restaurant manager while holding him at gunpoint and fled without completing the robbery.  Mr. Griffin waited in the car as the getaway driver.  He was charged and convicted in state court of attempted second-degree intentional murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery.

   On appeal, Mr. Griffin argued the jury instructions and the prosecutor's comments at trial allowed the jury to convict him for attempted second-degree murder without

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

finding specific intent, contrary to Kansas law. The state courts denied his direct appeal and his requests for post-conviction relief. He sought habeas relief under 28 U.S.C. § 2254. The federal district court denied his petition and granted a certificate to appeal here.

Mr. Griffin appeals from the district court's denial of his petition for habeas corpus. To succeed on such a petition, he must show "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). He argued in the district court, and he argues here, that his right to due process under the Fourteenth Amendment was violated because the state trial court instructed the jury that they could convict him of attempted second-degree murder without proof that he specifically intended to commit that crime.

As we explain more fully below, Mr. Griffin did not adequately raise this due process claim in the Kansas state courts, and it is too late under Kansas law for him to assert the claim in state court. He cannot overcome this deficiency because he has not shown a cause to justify his failure to raise the claim and has not shown he is actually innocent. Under these circumstances, federal habeas corpus law precludes his petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Mr. Griffin's petition.

# I. BACKGROUND

## A. *Legal Background on Exhaustion, Procedural Default, and Cause and Prejudice or Miscarriage of Justice*

We begin by describing relevant legal standards to provide context for the factual and procedural background detailed below.

A state prisoner may not obtain federal habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Four aspects of the exhaustion requirement are relevant to this appeal.

First, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To do so, the prisoner must seek discretionary review in the state's highest court, so long as that is a "normal, simple, and established part of the State's appellate review process." *Id.*

Second, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotations omitted). The prisoner is not required to cite "'book and verse on the federal constitution.'" *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). "[T]he crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (quotations omitted).

Third, procedural default may arise from anticipatory procedural bar. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, 'if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.'" *Bland*, 459 F.3d at 1012 (citations omitted).

Fourth, "we do not 'address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

### B.   *Factual History*

In 2002, Mr. Griffin and Mr. Franklin attempted to rob a restaurant in Topeka, Kansas. Mr. Griffin drove and waited in the car while Mr. Franklin tried to rob the restaurant at gunpoint. Mr. Franklin approached, threatened, and shot the restaurant manager, then fled without obtaining any money.

### C.   *Procedural History*

1. **Trial**

Mr. Griffin was charged with attempted second-degree intentional murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery. At trial, the jury received the following instructions:

> JURY INSTRUCTION NO. 7
> A person who, either before or during the commission, intentionally
> aids, abets, advises, hires, counsels or procures another to commit a crime

with intent to promote or assist in its commission is criminally responsible for the crime committed regardless of the extent of the Defendant's participation, if any, in the actual commission of the crime.

JURY INSTRUCTION NO. 8

A person who intentionally aids, abets, advises, hires, counsels or procures another to commit a crime is also responsible for any other crime committed in carrying out or attempting to carry out the intended crime, if the other crime was reasonably foreseeable.

App. Vol. I at 39-40.

The jury received the following instruction on the elements of attempted second-degree murder:

JURY INSTRUCTION NO. 9

In count 1 of the complaint, the Defendant, James W. Griffin is charged with the crime of Attempt to Commit Murder in the Second Degree. The Defendant pleads not guilty.

To establish this charge, each of the following claims must be proved:
1. That the Defendant, James W. Griffin performed an overt act toward the commission of the crime of murder in the second degree;
2. That the Defendant, James W. Griffin did so *with the intent to commit the crime of murder in the second degree*.
3. That the Defendant, James W. Griffin failed to complete the commission of the crime of murder in the second degree; and
4. That this act occurred on or about the 24th day of January, 2002, in Shawnee County, Kansas.

*Id.* at 41 (emphasis added).

Mr. Griffin was convicted of all three counts and was sentenced to 296 months in prison. He challenges only the attempted second-degree murder conviction in these habeas proceedings.

2. **Direct Appeal**

    a. *Kansas Court of Appeals*

On appeal to the KCA, Mr. Griffin asserted ten claims. Two are relevant to this appeal.

First, Mr. Griffin asserted prosecutorial misconduct based on the prosecutor's (a) repeated statements, largely during closing argument, that once Mr. Griffin aided and abetted the robbery, he was "in for a penny, in for a pound" on the attempted second-degree murder, and (b) arguing facts not in evidence.

Second, Mr. Griffin argued the government presented insufficient evidence of his intent to commit attempted second-degree murder. The substance of the argument, however, is more clearly understood as a challenge to the jury instructions. He contended the jury instructions allowed the jury to convict him of attempted second-degree murder based on his aiding and abetting the robbery. The jury should have been allowed, he said, to convict only if it found Mr. Griffin willfully and purposefully aided and abetted Mr. Franklin's attempted second-degree murder.

Mr. Griffin's prosecutorial misconduct and insufficient evidence claims challenged the proof that should be required for second-degree murder. Both claims depended on second-degree murder constituting a specific intent crime that cannot be established by reasonable foreseeability.

The KCA rejected each of Mr. Griffin's claims and affirmed his conviction and sentence. It concluded Mr. Griffin and Mr. Franklin were equally culpable under Kansas

aiding and abetting law because the attempted second degree murder was a reasonably foreseeable consequence of the aggravated robbery.

b. *Kansas Supreme Court*

Mr. Griffin petitioned for the KSC's review of his direct appeal. Among the issues raised, Mr. Griffin presented the following: "Did the prosecutor engage in prosecutorial misconduct when he repeatedly referred to [Mr. Griffin]'s guilt in terms of 'in for a penny in for a pound' and argued to the jury facts not in evidence?" State App. Vol. XIV at 12. Mr. Griffin asserted his prosecutorial misconduct arguments, expanded his challenge to the jury instructions about intent for second-degree murder, and argued the Government presented insufficient evidence to prove he intended to commit second-degree murder.

The KSC denied review.

3. **Post-Conviction Petitions in Kansas Courts**

Mr. Griffin pursued state post-conviction relief three times, to no avail.

First, in 2008 he moved for post-conviction relief under Kan. Stat. Ann. § 60-1507.[1] He claimed (1) his trial counsel was ineffective because he failed to move for dismissal of the attempted second-degree murder charge, and (2) the trial court erred because it failed to instruct the jury on a lesser included offense. The district court denied relief, the KCA affirmed, and the KSC declined further review.

---

[1] Prisoners in Kansas can collaterally attack their sentences under Kan. Stat. Ann. § 60-1507, which allows prisoners to "move the court which imposed the[ir] sentence to vacate, set aside or correct the sentence."

Second, Mr. Griffin moved in 2010 for post-conviction relief under Kan. Stat. Ann. § 60-260(b)(6),[2] arguing the jury instructions violated due process under the Fourteenth Amendment by lowering the Government's burden to prove specific intent. Mr. Griffin relied on *State v. Engelhardt*, 119 P.3d 1148 (Kan. 2005), and *State v. Overstreet*, 200 P.3d 427 (Kan. 2009), to argue the jury instructions erroneously allowed the jury to convict him of second-degree murder without proving the requisite specific intent. The state district court explained post-conviction relief is unavailable under § 60-260(b)(6), construed Mr. Griffin's filing as his second § 60-1507 motion, and denied it as successive. Mr. Griffin did not appeal the denial. We note here this second attempt at state collateral review is the only time Mr. Griffin explicitly alleged a due process violation in state court.

Third, Mr. Griffin filed a § 60-1507 motion for post-conviction relief in 2011, claiming ineffective assistance of appellate counsel for abandoning several issues when seeking review by the KSC on direct appeal. The state district court summarily denied relief. The KCA affirmed, concluding the motion was successive and untimely, and in any event, Mr. Griffin failed to demonstrate his counsel had performed deficiently.

4. **Federal Habeas Corpus Petition**

Mr. Griffin filed a 28 U.S.C. § 2254 petition in federal court, arguing his conviction for attempted second-degree murder violated due process because the jury

---

[2] Under Kan. Stat. Ann. § 60-260(b)(6), Kansas state courts may grant relief from a final judgment for "any . . . reason that justifies relief."

instructions allowed the conviction without proof of the requisite specific intent required by Kansas law. The district court reviewed the direct appeal filings Mr. Griffin had submitted to the KCA and KSC and concluded he had exhausted his due process claim.

The district court nonetheless denied his petition on the merits. It concluded the improper jury instructions did not violate due process because they "did not *omit* the element of intent, but merely permitted the jury to *infer or derive* [Mr. Griffin]'s intent to kill from his willing participation in the robbery and the reasonabl[e] foreseeability of the murder." App. Vol. III at 194. The district court granted a certificate of appealability. Mr. Griffin now appeals.

## II. DISCUSSION

We affirm the district court's denial of habeas relief on the alternative ground that Mr. Griffin failed to exhaust his due process claim in state court and procedurally defaulted that claim.[3]

### A. *Standard of Review*

We review a federal district court's legal analysis of a § 2254 petition de novo, *Frost v. Pryor*, 749 F.3d 1212, 1223-24 (10th Cir. 2014), including its determination that

---

[3] Mr. Griffin argues the State waived its exhaustion defense. We disagree. The State raised the defense in the district court, App. Vol. II at 77-78, and on appeal the State's brief again references Mr. Griffin's failure to present his due process claim to the state courts, Aplee. Br. at 8-9. We may rely on procedural default even when the State did not separately appeal an adverse procedural default determination, *Romano v. Gibson*, 239 F.3d 1156, 1169 (10th Cir. 2001), and we may affirm on any ground supported by the record, *see United States v. Damato*, 672 F.3d 832, 844 (10th Cir. 2012).

claims were exhausted in state court, *see Allen v. Zavaras*, 568 F.3d 1197, 1200 n.4 (10th Cir. 2009).

### B. *Analysis*

We affirm the district court's denial of habeas relief because (1) Mr. Griffin did not invoke one complete round of state appellate review for his due process claim, (2) that claim is subject to anticipatory procedural bar, and (3) he has not demonstrated cause and prejudice or actual innocence to overcome the procedural default.

1. **Mr. Griffin Did Not Invoke One Complete Round of State Appellate or Post-Conviction Review**

Mr. Griffin did not fairly present his due process claim on direct appeal or post-conviction review to the KCA and the KSC and consequently failed to invoke one complete round of the state's appellate review process.

The district court concluded Mr. Griffin presented the substance of his due process claim to the KCA on direct appeal through his arguments about prosecutorial misconduct and sufficiency of the evidence. The court also determined Mr. Griffin presented the due process claim to the KSC because the prosecutorial misconduct issue he raised in his petition for review on direct appeal raised essentially the same underlying arguments.

We disagree with the district court's expansive reading of Mr. Griffin's arguments before the KCA on direct appeal. Mr. Griffin's brief did not mention due process or assert a federal constitutional error. Instead, Mr. Griffin's arguments challenged the trial court's application of state law, ultimately resting on his contention that the jury was erroneously instructed about the intent necessary to convict him of attempted second-

degree murder. Although Mr. Griffin has attempted to repackage his jury instruction arguments into a due process claim on federal habeas review, we are unable to find any suggestion of the due process component of this claim in his direct appeal briefing before the KCA. As noted above, Mr. Griffin asserted the due process claim in his second post-conviction relief petition. This indicates he understood the jury instruction, prosecutorial misconduct, and insufficient evidence arguments, which he previously made on direct appeal to the KCA, did not together state a federal due process claim.

Even if we assume Mr. Griffin raised due process before the KCA, he did not fairly present his due process claim to the KSC. Mr. Griffin's petition sought the KSC's review of the following issue: "Did the prosecutor engage in prosecutorial misconduct when he repeatedly referred to Appellant's guilt in terms of 'in for a penny in for a pound' and argued to the jury facts not in evidence?" State App. Vol. XIV at 12. Mr. Griffin contended the prosecutor improperly argued "that no matter how little evidence was presented, any evidence of [Mr. Griffin's] remotest connection supported a conviction for attempted murder or any other charge, regardless of what was charged or the strength of the evidence." *Id.* at 13. Mr. Griffin did not reference the Due Process Clause or the Fourteenth Amendment. The due process burden-dilution argument he now raises before us was not sufficiently presented to put the KSC on notice of the constitutional nature of the claim. He asserted error based on the prosecutor's misconduct and did not argue the intent instructions themselves violated due process.

Mr. Griffin's petition to the KSC also contended (1) the Government did not present sufficient evidence of intent, and (2) the prosecutor's arguments to the contrary

were improper. *See id.* at 12-18. Mr. Griffin concedes those arguments are not the same as his due process claim. In his opening brief in the instant appeal, he insisted, "[a] claim attacking the *sufficiency of the evidence* is a different thing from a claim of instructional error that *lessened the State's burden of proof.*" Aplt. Br. at 11-12. We agree that Mr. Griffin's due process and sufficiency of evidence claims are separate and different claims.

Mr. Griffin did present his due process claim to the state district court in 2010 when he filed his second post-conviction motion. The district court denied the motion as successive. Mr. Griffin did not appeal the denial. He did not raise a due process claim in his two other attempts at post-conviction relief. Mr. Griffin consequently did not raise the due process claim before the KCA or the KSC.

Mr. Griffin did not invoke one complete round of state appellate or post-conviction review of his due process claim. He therefore failed to fairly present the claim to each necessary and appropriate state court.

2. **Mr. Griffin's Due Process Claim Is Procedurally Defaulted**

Mr. Griffin's due process claim is procedurally defaulted because he failed to assert it on direct appeal or for one full round of post-conviction review, and it is now untimely. Mr. Griffin does not contest that he is now barred from raising his due process claim to the KSC. *See* Aplt. Reply Br. at 3 ("[T]o the extent that the State argues any procedural default . . . , such an error by Griffin may be forgiven if he can show cause and prejudice, or a showing of actual innocence.").

Under Kansas law, "those issues that could have been presented [on appeal], but were not presented are deemed waived. Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or collateral proceeding." *State v. Neer*, 795 P.2d 362, 365-66 (Kan. 1990). As explained above, even if we accept the federal district court's conclusion that Mr. Griffin raised his due process claim to the KCA, he did not include the claim in his petition for review with the KSC, thereby waiving the claim.

Even if the due process claim were not waived, it would be untimely for Mr. Griffin to assert it now, either on direct appeal, *see* Kan. Sup. Ct. R. 8.03(a)(1) (providing a "jurisdictional" 30-day period for seeking KSC's discretionary review), or through post-conviction proceedings, *id.* 183(c)(3) (authorizing collateral post-conviction relief for "trial errors affecting constitutional rights . . . even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal"); Kan. Stat. Ann. § 60-1507(f)(2) (providing one-year limitation for filing post-conviction relief "may be extended by the court only to prevent a manifest injustice"). Indeed, the state district court denied post-conviction relief on Mr. Griffin's due process claim because he failed to raise it in his first post-conviction petition and failed to justify a late filing. Mr. Griffin failed to seek the KCA's or the KSC's review of the claim on post-conviction review.

Mr. Griffin's due process claim is accordingly subject to anticipatory procedural bar. "Anticipatory procedural bar occurs when the federal courts apply [a] procedural bar to an unexhausted claim that would be procedurally barred under state law if the

petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131,

1139 n.7 (10th Cir. 2007) (quotations omitted).[4]  He therefore has procedurally defaulted

his due process claim.

3.  **Mr. Griffin Cannot Overcome Procedural Default**

When a federal court applies anticipatory procedural bar to a habeas petitioner's

claim, it is "considered exhausted and procedurally defaulted for purposes of federal

habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000).

The procedural default can be overcome in two circumstances:  "(1) if the prisoner

has alleged sufficient 'cause' for failing to raise the claim and resulting 'prejudice' or (2)

if denying review would result in a fundamental miscarriage of justice because the

petitioner has made a 'credible' showing of actual innocence." *Frost*, 749 F.3d at 1231.

Mr. Griffin argues he can overcome the procedural default because he has (a) alleged

cause and prejudice and (b) made a credible showing of actual innocence.  We disagree.

a.  *Cause and Prejudice*

"[C]ause under the cause and prejudice test must be something *external* to the

petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501

U.S. 722, 753 (1991) (quotations omitted).  "Ineffective assistance of counsel . . . is cause

---

[4] Mr. Griffin does not dispute that Kansas's procedural rules provide independent and adequate state procedural grounds for barring further review in state court of Mr. Griffin's unexhausted due process claim.  We therefore do not address that issue.  *See Thornburg v. Mullin*, 422 F.3d 1113, 1141 (10th Cir. 2005) (declining to consider whether state procedural bar was "adequate and independent" because habeas petitioner did "not challenge independence and adequacy here") (quotations omitted).

for a procedural default . . . but [the ineffective assistance claim must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In such a situation, a habeas petitioner must excuse an additional layer of procedural default by satisfying the cause and prejudice standard as to the ineffective assistance claim. *See id.*

Mr. Griffin argues to us that his counsel on direct appeal "was clearly ineffective" because the burden-dilution due process claim was obvious based on *Engelhardt*, 119 P.3d 1148. Aplt. Reply Br. at 3. He asserts *Engelhardt* establishes the State erroneously convicted him without having to prove he specifically intended to commit attempted second-degree murder. The *Engelhardt* claim was therefore, he contends, "a dead-bang winner [that] reasonable counsel should have cited and argued." *Id.* But Mr. Griffin procedurally defaulted this ineffective assistance claim.

Mr. Griffin has not argued he presented an ineffective assistance claim based on *Engelhardt* to the state courts. The record indicates Mr. Griffin's third post-conviction relief petition asserted claims for ineffective assistance of appellate counsel, but Mr. Griffin has not demonstrated that any of those claims asserted appellate counsel ineffectively failed to raise the due process argument. To rely on the ineffective assistance of appellate counsel claim, Mr. Griffin must show a second layer of cause and

- 15 -

prejudice for his failure to assert the ineffective assistance claim to the state courts. *Carpenter*, 529 U.S. at 453. He has not attempted to do so.

Even if we assume Mr. Griffin's third petition for post-conviction relief asserted his ineffective assistance claim based on *Engelhardt*, he still fails to demonstrate cause. In relevant part, the KCA denied Mr. Griffin's third petition for post-conviction relief because Mr. Griffin could have raised his ineffective assistance of appellate counsel claims in his first petition for post-conviction relief and he was therefore procedurally barred from raising them in a second or successive petition. As explained above, Mr. Griffin has not asserted an additional layer of cause and prejudice to excuse his failure to raise ineffective assistance of counsel in his first post-conviction petition. That claim therefore cannot establish cause to excuse the procedurally defaulted burden-dilution due process claim.[5]

b. *Actual Innocence*

The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted). The actual innocence standard is "demanding" and generally requires the petitioner to "demonstrate that more likely than not, in light of new evidence, no reasonable juror would find [the petitioner]

---

[5] Because Mr. Griffin failed to demonstrate cause, we need not consider whether he showed prejudice.

guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). A claim of

actual innocence typically must be based on new evidence suggesting "factual innocence,

not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see*

*also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("The miscarriage of justice

exception is concerned with actual as compared to legal innocence. . . . To be credible, a

claim of actual innocence must be based on reliable evidence not presented at trial."

(quotations omitted)).

Mr. Griffin has not presented new evidence. Instead, he argues the Government

did not prove the specific intent for second-degree murder required by *Engelhardt* and

*Overstreet*, which were decided after his conviction at trial. His argument fails to satisfy

the miscarriage of justice exception.

First, he proffers no new evidence showing he lacked specific intent to commit

second-degree murder. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013)

(explaining a petitioner can only pass through the "actual innocence gateway" by

showing that, "in light of new evidence, no juror, acting reasonably, would have voted to

find him guilty beyond a reasonable doubt") (quotations omitted)).

Second, this court has not recognized that a prisoner can overcome a habeas

procedural default by attempting to demonstrate actual innocence based on judicial

opinions issued after the prisoner's trial. Mr. Griffin has not argued we should adopt this

view of showing actual innocence, nor has he provided authority permitting such a course

under § 2254 based on state law court decisions.

## III.  **CONCLUSION**

We may not review the merits of Mr. Griffin's burden-dilution due process claim because he did not exhaust that claim in the Kansas courts and has failed to excuse procedural default by demonstrating cause and prejudice or actual innocence.  We therefore affirm the district court's denial of Mr. Griffin's § 2254 petition.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge