NOT DESIGNATED FOR PUBLICATION

No. 116,266

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ONETH SAVERY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed July 14, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: Oneth Savery appeals the district court's decision denying his K.S.A. 60-1507 motion. The only issue Savery raises on appeal is that the district court erred in summarily denying his motion without holding an evidentiary hearing. Because we agree with the district court that the motion, files, and records of this case conclusively show that Savery is entitled to no relief, we affirm the district court's judgment.

We will briefly review the facts. In 2011, a jury found Savery guilty of rape, aggravated criminal sodomy, and lewd and lascivious behavior. The district court sentenced Savery to 337 months' imprisonment and lifetime postrelease supervision.

1

Savery appealed, arguing that (1) there was insufficient evidence to convict him of the alternative means of rape and aggravated criminal sodomy; (2) the district court wrongly denied his motion for a psychological examination of the victim; and (3) the district court violated his constitutional rights when it used his criminal history to increase his sentence without proving it beyond a reasonable doubt. This court affirmed Savery's convictions and sentence, and the Kansas Supreme Court denied Savery's petition for review. *State v. Savery*, No. 106,116, 2013 WL 192555 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1207 (2013).

On September 16, 2014, Savery filed a pro se K.S.A. 60-1507 motion arguing that (1) there was insufficient evidence to convict him of rape, aggravated criminal sodomy, and lewd and lascivious behavior; (2) the State knowingly presented false evidence and testimony; (3) the prosecutor committed prosecutorial error; and (4) trial counsel was ineffective for failing to advocate on Savery's behalf, failing to present rebuttal evidence, failing to request an independent DNA test, and failing to request a polygraph exam of himself and the victim. On December 16, 2014, the district court filed a memorandum decision thoroughly addressing the issues Savery raised in his motion. The district court summarily denied the motion, finding that the motion, files, and records of the case conclusively showed that Savery was entitled to no relief. Savery timely appealed.

On appeal, Savery claims the district court erred in summarily denying his K.S.A. 60-1507 motion. Specifically, Savery argues that (1) there was insufficient evidence to convict him of rape and aggravated criminal sodomy; (2) there was insufficient evidence to convict him of lewd and lascivious behavior; (3) the State introduced false evidence at his trial; (4) the prosecutor committed prosecutorial error; and (5) trial counsel was ineffective. The State responds that the district court correctly denied Savery's motion.

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence that either: (1) the judgment was rendered without

2

jurisdiction; (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack; or (3) there has been such a denial of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. K.S.A. 2016 Supp. 60-1507(b). If the motion, files, and records conclusively show that the movant is entitled to no relief, the district court may summarily deny the motion. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court has unlimited review. 300 Kan. at 881.

*Trial error claims*

The first four arguments Savery makes on appeal are claims of trial error. A proceeding under K.S.A. 60-1507 usually may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on direct appeal, provided that the movant asserts exceptional circumstances to excuse the failure to appeal. Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222).

Savery first argues that there was insufficient evidence to convict him of rape and aggravated criminal sodomy. As the district court noted in its ruling, this claim was already raised and ruled on in Savery's direct appeal. See *Savery*, 2013 WL 192555, at *6. The Court of Appeals found sufficient evidence to support Savery's convictions of rape and aggravated criminal sodomy. 2013 WL 192555, at *7. Savery cannot use his K.S.A. 60-1507 motion as a second direct appeal. Supreme Court Rule 183(c)(3). "Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990).

3

Second, Savery argues that there was insufficient evidence to convict him of lewd and lascivious behavior. Unlike Savery's sufficiency of the evidence claim regarding his rape and aggravated criminal sodomy convictions, Savery did not raise his claim that there was insufficient evidence to convict him of lewd and lascivious behavior on direct appeal. Nonetheless, to merit consideration, Savery must show that exceptional circumstances—meaning "unusual events or intervening changes in the law"—prevented him from raising this claim of trial error in his direct appeal. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Savery alleges no exceptional circumstances that would explain his failure to bring this claim on direct appeal, and he makes no colorable claim of actual innocence. Thus, the district court properly denied Savery's claim as successive.

Third, Savery argues that the State introduced false evidence at his trial. Again, this is a claim of trial error that could have been raised on direct appeal, and Savery offers no exceptional circumstances explaining his failure to do so. Furthermore, as explained by the district court in its ruling, this issue is irrelevant because all of the statements that Savery now alleges are false were shown to be false at trial. Specifically, on direct examination, the victim admitted that she lied to her mother about being intoxicated and where she had been when the crime occurred; on cross-examination, the victim also admitted that she was intoxicated on the night of the incident and had consumed eight pills she believed were oxycontin. Thus, even if Savery could raise this claim of trial error in his K.S.A. 60-1507 motion, it is unfounded and unsupported by the record.

Finally, Savery argues prosecutorial error because the State in closing argument stated that it had biological evidence, including semen, from Savery. Again, this claim of trial error could have been raised on direct appeal, and Savery offers no exceptional circumstances explaining his failure to do so. Also, a review of the record shows that this claim is unfounded. The prosecutor did not state in closing argument that there was biological evidence, including semen, from Savery; instead, this statement was made to

the district court at a pretrial hearing. The evidence presented at trial actually established that none of Savery's semen was ever found on any evidence presented at trial.

*Ineffective assistance of counsel*

Although mere trial errors must be corrected on direct appeal, trial errors affecting constitutional rights may be raised for the first time in a K.S.A. 60-1507 motion so long as exceptional circumstances excuse the movant's failure to appeal. Supreme Court Rule 183(c)(3). Exceptional circumstances can include claims of ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Savery argues that his trial counsel was ineffective because his counsel (1) failed to advocate on his behalf; (2) failed to present rebuttal evidence; (3) failed to request an independent DNA test; and (4) failed to request a polygraph examination of himself and the victim.

To succeed on his claim of ineffective assistance of counsel, Savery must establish (1) that counsel's performance, when considered under the totality of the circumstances, fell below an objective standard of reasonableness and (2) that Savery was prejudiced because there is a reasonable probability that the jury would have reached a different result absent counsel's deficient performance. *Sola-Morales*, 300 Kan. at 882; *Trotter v. State*, 288 Kan. 112, 128, 200 P.3d 1236 (2009).

None of Savery's claims of ineffective assistance of counsel entitle him to any relief. First, Savery simply contends that trial counsel was ineffective for failing to advocate for him, but he fails to provide any more information or explain the basis of this claim. "Where a movant makes only conclusory allegations and fails to establish a reasonable probability that, but for counsel's errors, a different result would have been achieved, a district court does not err in denying a K.S.A. 60-1507 motion for ineffective assistance of counsel." *Edgar v. State*, 294 Kan. 828, Syl. ¶ 5, 283 P.3d 152 (2012).

5

Next, Savery argues that trial counsel failed to present rebuttal evidence; but, as noted by the district court in its ruling, this argument is factually incorrect. Trial counsel did present evidence at trial following the State's case-in-chief; specifically, trial counsel called Savery's son as a witness and Savery testified on his own behalf. The State did not present rebuttal evidence following Savery's case-in-chief.

Next, Savery claims his trial counsel was ineffective because his counsel failed to request an independent DNA test. This argument is unpersuasive. The State's case against Savery was not based on DNA. The record reveals a complete absence of any evidence that Savery's DNA was present; thus, there was no reason for trial counsel to request an independent DNA test, as the test was favorable to Savery.

Finally, Savery claims his trial counsel was ineffective because counsel failed to request a polygraph of Savery and the victim. This argument is without merit because evidence of polygraph examinations are not admissible at trial. *State v. Shively*, 268 Kan. 573, 579, 999 P.2d 952 (2000). Thus, Savery cannot establish that trial counsel's failure to obtain a polygraph examination fell below an objective standard of reasonableness, nor can Savery show that the result at trial would have been different had counsel obtained a polygraph examination of Savery and the victim.

In sum, we agree with the district court that the motion, files, and records of this case conclusively show that Savery is entitled to no relief based on the claims he made in his K.S.A. 60-1507 motion. Thus, we conclude the district court did not err in summarily denying Savery's motion.

Affirmed.

6