NOT DESIGNATED FOR PUBLICATION

No. 124,015

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY RANDALL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 4, 2022. Sentence vacated and case remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant, and *Leroy Randall*, appellant pro se.

*Andrew R. Davidson*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., GREEN and HILL, JJ.


PER CURIAM: In this direct criminal appeal, we must answer whether we can review a sentencing procedure for a presumption of vindictiveness in a prosecution when the defendant appeals a guideline sentence. Both the United States Supreme Court and the Kansas Supreme Court have ruled that whenever a court imposes a more severe sentence after an appeal and a new trial, the sentencing court must give its reasons for imposing a harsher sentence. A sentencing court's failure to give any reason for the harsher sentence creates a presumption of vindictiveness to the second, longer sentence and is a violation of the Due Process Clause of the Fourteenth Amendment to the United

1

States Constitution. After a successful appeal resulting in the reversal of his convictions, the defendant here was retried and convicted of the same crimes as before. The same court imposed a longer prison sentence and gave no reasons why it imposed a longer sentence. Because the Constitution is the law of the land—the law that binds together all of our laws, we must hold that the presumption of vindictiveness applies to this sentence. We may be barred from reviewing a guideline sentence, but we are not barred from enforcing the Constitution and reviewing *how* the court imposed this sentence. Due process demands that we vacate and remand for resentencing.

*Randall is tried and convicted of several serious crimes, again.*

In this retrial, a jury convicted Leroy Randall of aggravated robbery, two counts of kidnapping, and two counts of aggravated assault after he robbed a Dollar General and held two employees at gunpoint.

Randall had been convicted of these same crimes in his first prosecution but those convictions were overturned on appeal. A panel of this court held that the district court erred by denying Randall's request to represent himself at trial. The panel reversed the convictions and remanded this case for a new trial. *State v. Randall*, No. 119,301, 2019 WL 6974164, at *7 (Kan. App. 2019) (unpublished opinion).

The jury in the second trial found Randall guilty of all charges. Randall asked for a durational departure sentence. The State opposed his request for a departure and asked the district court, instead, to sentence him to the aggravated presumptive sentence for each crime. The district court denied Randall's request for a departure, but did impose a harsher sentence.

This time, the court sentenced Randall to 247 months—the aggravated presumptive sentence—for aggravated robbery. The court then sentenced him to 61

months for each kidnapping charge but ordered one of those sentences to be served consecutively. The court sentenced Randall to 13 months for each aggravated assault charge and ordered one of those sentences to be served consecutively. Randall's total prison sentence was 321 months.

In his first prosecution, the district court sentenced Randall to 292 months in prison. Randall's new sentence, imposed by the same trial judge, is 29 months longer than his original prison sentence. For this new sentence, the court used the aggravated number in the grid box for each crime to sentence Randall for aggravated robbery, kidnapping (two counts), and aggravated assault (two counts). The overall length of the sentence was also increased by ordering some sentences to be served consecutively rather than concurrently. All sentences are, however, guideline sentences. The judge gave no reasons why this sentence was longer than the prior sentence for the same crimes.

Randall appeals, arguing that his due process rights were violated when the district court sentenced him to a longer sentence after his case was reversed on appeal and remanded for a new trial. He also argues, in his own brief, filed without benefit of counsel, that his speedy trial rights were violated.

*Longer sentences imposed after an appeal and a retrial can be a due process violation.*

Randall claims a due process violation here because he received a longer sentence for the same crimes. Our United States Supreme Court, in *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), ruled on this subject. *Pearce* involved two separate cases in which the defendants successfully appealed their original convictions and on retrial received greater sentences than they had received originally. For the defendant Pearce, the State offered "no evidence" to justify the increased sentence and had not attempted to explain or justify the greater penalty. For the defendant Rice, the State advanced no reason for his increased sentence "beyond the naked power to

impose it." 395 U.S. at 726. The Court in *Pearce* noted that the Due Process Clause of the Fourteenth Amendment to the United States Constitution prevented increased sentences motivated by vindictive retaliation by the trial court upon resentencing:

> "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." 395 U.S. at 725.

The Court then set out some clear directions about how to deal with retrials and new sentences.

> "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 U.S. at 726.

The *Pearce* mandate is clear: If a court intends to increase a sentence after an appeal and retrial, then that court must give its reasons for doing so. 395 U.S. at 726.

In the years following *Pearce*, the United States Supreme Court has refined its initial ruling. Some circumstances prevent the application of the presumption of vindictiveness. See, e.g., *Colten v. Kentucky*, 407 U.S. 104, 119-20, 92 S. Ct. 1953, 32 L. Ed. 2d 584 (1972) (presumption not applicable in two-tiered trial system where defendant appeals for de novo trial; different courts in first, second trial); *Chaffin v. Stynchcombe*,

4

412 U.S. 17, 18, 26-27, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973) (presumption does not apply when different jury imposes increased sentence on retrial; jury has "no motivation to engage in self-vindication"); *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974) (presumption applied; court concerned with punishment posing "a realistic likelihood of 'vindictiveness'"); *Wasman v. United States*, 468 U.S. 559, 572, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984) (defendant given more severe sentence for separate conviction between first, second sentencing; presumption does not apply); *Texas v. McCullough*, 475 U.S. 134, 138-40, 106 S. Ct. 976, 89 L. Ed. 2d 104 (1986) (presumption does not apply when judge in first trial grants motion for new trial, does not apply when "significant evidence" not before first sentencer); *Alabama v. Smith*, 490 U.S. 794, 801, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989) (presumption does not apply when sentence imposed after trial more severe than one imposed after earlier guilty plea; information brought out in trial often more detailed than information supporting guilty plea). There is no absolute ban on longer sentences after an appeal and retrial, but there are certain constitutional restrictions.

Despite these refinements, the Kansas Supreme Court has embraced the *Pearce* rule. The court has applied the presumption of vindictiveness in two cases: *State v. Rinck*, 260 Kan. 634, 923 P.2d 67 (1996), and more recently in *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019).

In *Rinck*, 260 Kan. 634, Syl. ¶1, the Kansas Supreme Court followed the United States Supreme Court. The court held:

> "Due process of law requires that vindictiveness against a defendant for having successfully attacked his or her first conviction or sentence must play no part in the sentence the defendant receives after a new trial or upon resentencing. Since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his or her first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."

5

The court directed that objective information in the record must be the basis for a harsher sentence:

"In order to assure the absence of a retaliatory motivation whenever a judge imposes a more severe sentence upon a defendant after a new trial or upon resentencing, the judge's reasons for doing so must affirmatively appear on the record. Those reasons must be based on objective information concerning identifiable conduct on the part of the defendant. The factual data upon which the increased sentence is based must be made part of the record so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. In this manner, the presumption of vindictiveness created by the imposition of a more severe sentence upon a defendant after a new trial or upon resentencing may be overcome." 260 Kan. 634 Syl. ¶ 2.

Then, in *Brown*, Brown's defense counsel had questioned the judge about why Brown received an additional 12 months on his sentence after a successful appeal and retrial. The judge replied, "'The—I don't think—No more than just it's an appropriate legal sentence, and the Court considered all the factors in the, in the Sentencing Guidelines relative to durational departure.'" 309 Kan. at 374. On a petition for review from a divided Court of Appeals ruling approving the longer sentence, the court reversed that holding. The court pointed out that, the district judge, while stating substantial and compelling reasons for both departures, failed to state a reason for giving Brown a 12-month increase. 309 Kan. at 377-78.

Longer sentences are not prohibited. But a court must state its reasons for imposing a longer sentence so the matter can be reviewed.

When the presumption does not apply, the defendant must affirmatively prove actual vindictiveness to prevail. *State v. Cooper*, 275 Kan. 823, 829, 69 P.3d 559 (2003); *Rinck*, 260 Kan. at 641.

*The court did not mention its first sentence after this retrial.*

The district court gave these reasons for sentencing Randall:

> "Well, Mr. Randall, you know, I look at this case and, you know, I heard the argument that the gun wasn't operable but that doesn't matter to anybody that matters. I know a lot of, I personally know a lot of self-defense firearm trainers, maybe, oh, dozens and almost every one of them tells their students that you should probably never use your firearm to stop a robbery unless the robber starts taking people to the back room. You know, in other words, that's the time that we expect, we hope that armed citizens intervene and take action because those things when people are taken and confined is really, really, really dangerous. It's, like, the last step before executing your victims. These, so whether the gun was real or not, the situation you created was about as serious as it could possibly get and you did that on purpose. In fact, you know, you took the time to go to the Dollar General before you robbed it and look around not just in the store itself but in the back room in the office and stuff. I saw the video of you just poking through the drawers in the office so that's the sign of a person that considers this his profession, which kind of buys into [the prosecutor's] argument that this is your profession. You obtained, after you did that, you know, you obtained the gun. You helped gather the materials you needed to create a disguise for yourself. After the robbery you got rid of your clothes. You took these peoples' phones. You did about as thorough a job of robbery and kidnapping as I can imagine, so I think it's appropriate to give you and I will sentence you on Count One the aggravated robbery of 247 months."

These comments are all observations about the evidence presented at this second trial. The district court did not mention Randall's original sentence, let alone explain why it was giving him a harsher sentence. The State cites differences between Randall's two trials that could have affected the court's decision, but the court did not mention any of those differences when handing down the sentence. The district court talked about two things when sentencing Randall: (1) Randall purposefully put his victims in fear, and (2) the thoroughness of Randall's crimes, as if he considers robbery his profession. Despite

7

the State's attempt to differentiate Randall's second trial from his first, the district court's reasons for giving Randall a longer sentence do not affirmatively appear in this record.

From our review of the record, the sentencing court's decision to impose a harsher sentence here is not based on any objective information concerning identifiable conduct on the part of the defendant, as required by the rule in *Pearce*, 395 U.S. at 726. Thus, a presumption of vindictiveness applies here. The court violated Randall's due process rights because nothing in the record supports imposing a harsher sentence than Randall originally received.

But that ruling does not end our discussion. Do we have jurisdiction to make such a ruling?

We are concerned with K.S.A. 2021 Supp. 21-6820(c)(1). It says: "(c) On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime."

None of the cases we have cited above addressed whether appellate courts could reach this issue when the appellant received a presumptive sentence. In *Rinck*, 260 Kan. 634, the defendant was sentenced before our sentencing guidelines were enacted. In *Brown*, 309 Kan. 369, the defendant received a departure sentence. The law permits appellate review of departure sentences at the request of either the State or the defendant. See K.S.A. 2021 Supp. 21-6820(a).

More recently in *State v. Williams*, No. 121,697, 2020 WL 6372300 (Kan. App. 2020) (unpublished opinion), a panel of this court dealt with the issue. Williams had received a guideline sentence for felony possession of marijuana and a concurrent one-year sentence for DUI. The felony conviction was affirmed on appeal. The panel,

8

however, reversed the DUI conviction but remanded the question to the district court to decide whether there was sufficient evidence to convict Williams on the alternative DUI charge since his jury had found him guilty on both alternative DUI charges. By the time the matter returned to the district court on remand, Williams had served more than a year in prison. Despite this, the judge on remand changed the DUI sentence and ordered it to be served consecutively and thus imposed an additional 12-month sentence. Williams appealed, raising a claim of vindictiveness. The State conceded that the presumption of vindictiveness applied, and the case was remanded without discussion of jurisdiction. 2020 WL 6372300, at * 2.

This is a guideline sentence. We are reviewing the sentencing procedure more than the sentence itself. How the court sentenced Randall violated due process.

Our ruling simply reflects the general rule on sentences in Kansas. "A criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, Syl. ¶ 5, 69 P.3d 559 (2003). With no explanation from the court for the harsher sentence, we must follow our Supreme Court's direction and presume vindictiveness and vacate this sentence and remand for a new sentence.

*The law of the case bars our consideration of Randall's speedy trial claims.*

In his pro se supplemental brief, Randall argues that his statutory speedy trial rights were violated because more than 150 days passed before he was brought to trial. The statute that controls this issue is K.S.A. 2021 Supp. 22-3402(a). It says:

> "(a)  If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 150 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for

9

the crime charged, unless the delay shall happen as a result of the application or fault of the defendant or a continuance shall be ordered by the court under subsection (e)."

Randall was arraigned on April 8, 2016. He was brought to trial September 12, 2017. That is 522 days. Our review of the record reveals there were many continuances of this prosecution so the court could provide counsel for Randall.

But we need not go into those details. Randall did not raise this speedy trial issue in his prior direct appeal. The State argues that Randall should be precluded from raising his speedy trial issue at this stage under the law-of-the-case doctrine. We agree.

Our Supreme Court has addressed this issue and given clear instructions:

"Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). When a defendant's claim was not raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal. *State v. Smith*, 315 Kan. 717, 722, 510 P.3d 696 (2022).

Randall did not raise a speedy trial argument in his prior appeal. The argument he now makes depends solely on events that took place between his arraignment and his first trial. Randall could have and should have made this argument in his first appeal. He is barred from raising it now.

10

*We are also barred from considering Randall's claim about the district court losing jurisdiction.*

In his pro se supplemental brief, Randall argues that the district court lost jurisdiction over his case because it failed to "complete the 6th Amendment requirement, by providing effective assistance of counsel, conflict free for Mr. Randall." He claims that he was denied conflict-free counsel for nine months while he was represented by Charles Osburn because Osburn's partner represented a potential witness for the State. Randall argues the court constructively denied him the right to counsel and effective representation by appointing Osburn. Randall alleges that the district court and prosecutor knew of the conflict of interest but failed to inform him. Randall asks this court to reverse and remand his case to the district court with instructions to dismiss.

This issue depends solely on events that occurred before Randall's first appeal—but Randall did not raise the issue in his first appeal. He is precluded from raising the issue now. *Smith*, 315 Kan. at 722.

We vacate Randall's sentence and remand to the district court for resentencing with directions to comply with the rule in *Pearce* as adopted by our Supreme Court in *Rinck* and *Brown*.

Sentence vacated and case remanded with directions.

11